■ In the Matter of JAN L. SHEPHARD, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on April 16, 1970 and maintains an office for the practice of law in the City of Binghamton, Broome County. In this disciplinary proceeding, petitioner moves to confirm the report of the referee to whom the issues were referred. The petition contains two charges. Charge No. 1 alleges that respondent, in advertising the availability of his legal services under the name "The People's Law Firm of Jan L. Shephard, Attorney, P.C.", used and disseminated public communications containing deceptive and misleading statements in violation of DR 2-101 (A) of

the Code of Professional Responsibility, in that the phrase "The People's Law Firm" suggests or implies that the firm is controlled by the public, receives public funds for its existence, provides free legal services or is a nonprofit legal service. Charge No. 2 alleges that the corporate name "The People's Law Firm of Jan L. Shephard, Attorney, P.C." constitutes a trade name and that respondent conducted the private practice of law under such name in violation of DR 2-102 (B) of the Code of Professional Responsibility. Based in part on respondent's admissions, the referee sustained both charges. The record supports the referee's findings. Petitioner's motion to confirm the referee's report, which motion is unopposed by respondent, is therefore granted. Advertising that is misleading or deceptive is not protected by *Bates v State Bar of Ariz.* (433 US 350). Nor does *Bates* prohibit the ban in DR 2-102 (B) against the use of a trade name by a lawyer in private practice (see *Friedman v Rogers,* 440 US 1; *Matter of Oldtowne Legal Clinic, P.A.,* 285 Md 132). In determining an appropriate sanction for respondent's improper behavior, we note that he appears to have had no wrongful intent to deceive the public. In addition, he claims to have taken immediate steps to change the name of his firm after he received a complaint from petitioner's attorney in December, 1981. However, he did not file an amended certificate of incorporation deleting the word "People's" from the firm name until after this proceeding was commenced in April, 1982. Under all the circumstances, we believe that respondent should be censured. Respondent censured. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.