■ In the Matter of ERIC P. VON WIEGEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Petitioner moves to confirm in part and disaffirm in part a referee's report which rejected two charges of professional misconduct against respondent and sustained, in part, a third charge of professional misconduct. Respondent, an

attorney admitted in this Department on May 27, 1980 and who maintains a law office in the City of Schenectady, cross-moves to confirm in part and disaffirm in part the report. ¶ The first charge against respondent alleges the direct mail solicitation of the victims and/or their families of the Hyatt Regency disaster in Kansas City, Missouri, where more than 250 people were killed or injured when two skywalks collapsed in July, 1981. We find that the referee incorrectly concluded that such direct mail solicitation of accident victims was not prohibited by either DR 2-103 (subds [A], [C], [E]) of the Code of Professional Responsibility or section 479 of the Judiciary Law. Prohibition of direct mail solicitation of accident victims and/or their families constitutes regulation of the time, place and manner of attorney solicitation because the prohibition is directed towards the recipient group rather than the content of the commercial speech (see *Matter of Greene,* 54 NY2d 118, 120-121, cert den *sub nom. Greene v Grievance Committee,* 455 US 1035). Such a restriction is permissible if reasonable and related to a substantial State interest (see *Matter of R. M. J.,* 455 US 191, 201, n 13, 207; *Matter of Greene, supra*). A prohibition of direct mail solicitation of accident victims is related to and supports a variety of substantial State interests, including avoidance of the demoralizing effect such solicitation might have on the profession and the unseemly rivalry reminiscent of "ambulance chasing" it might generate (see *Bates v State Bar of Ariz.,* 433 US 350, 400, n 10 [Powell, J., concurring in part and dissenting in part]); avoidance of stirring up litigation and vexatious conduct (see *Ohralik v Ohio State Bar Assn.,* 436 US 447, 460-461); and prevention of invasions of privacy (see *Matter of Koffler,* 51 NY2d 140, 148-149, cert den *sub nom. Joint Bar Assn. Grievance Committee v Koffler,* 450 US 1026). While we recognize that the Court of Appeals has found no invasion of privacy implicated by a direct mail solicitation because the recipient can throw the letter away (*Matter of Koffler, supra*), an unsolicited letter from a lawyer to the victim of an accident during the vulnerable recovery period thereafter constitutes an invasion of privacy no matter how cavalierly one might believe some accident victims would treat such a notice. Indeed, direct mail solicitation of particular accident victims is closer to prohibitable in-person solicitation (see *Ohralik v Ohio State Bar Assn., supra*) than to the direct mail advertising permitted by the Court of Appeals in *Matter of Koffler* (*supra*). Finally, a prohibition of direct mail solicitation of accident victims is reasonable because a filing requirement (the most often cited alternative to a ban) cannot alter the objectionable nature of the conduct, diminish its potential for stirring up litigation or diminish its capacity to "vex" accident victims and/or their families or to invade their privacy. Respondent's contention that he was without notice that direct mail solicitation of accident victims is impermissible is rejected (see *Matter of Alessi,* 60 NY2d 229, 236, cert den __ US __, 52 USLW 3679). ¶ The second charge against respondent alleges various instances of misrepresentation and puffery in the letters constituting respondent's direct mail solicitation of the Hyatt Regency disaster victims and/or their families. Because it is supported by a fair preponderance of the evidence and reasonable inferences to be drawn therefrom, we sustain the referee's finding that two statements in the letters were deceptive and misleading: (1) that a litigation coordinating committee had been formed to assist the Hyatt Regency disaster victims; and (2) that many accident victims and/or their families had requested representation by respondent. However, we conclude the referee erred in finding respondent guilty of violating 22 NYCRR 806.15 (k) of this Department's rules by failing to include his name on the initial letter sent to the disaster victims. No charge corresponding to such a finding is contained in the petition; thus, it cannot be sustained (see *Matter of Doherty,* 28 AD2d 546). ¶ The third charge, rejected entirely by the referee, accuses respondent of

hiring two persons to place flyers advertising respondent's services on automobile windshields in the parking lot of the Mohawk Mall in the City of Schenectady on September 26, 1981. Specifically objected to by petitioner is the use of the phrase "The Country Lawyer", albeit in conjunction with respondent's name, an offer to provide a free evaluation and consultation on any personal injury claim, and the use of a caricature of respondent positioned between caricatures of George Washington and Abraham Lincoln. We conclude, first, that the use of the phrase "The Country Lawyer" constituted a violation of the prohibition of DR 2-102 (subd [B]) against use of a trade name (see *Matter of Shephard,* 92 AD2d 978). Next, the referee properly rejected the objection to the use of the caricatures as casting reflection on the legal profession as a whole. While there may be a line between caricatures that are harmful to the profession and innocuous drawings, respondent has not crossed that line here. Finally, the referee correctly determined that the use of flyers does not, per se, constitute unconstitutional solicitation or advertising (see *Matter of R. M. J., supra,* pp 206-207; *Bates v State Bar of Ariz., supra,* p 402, n 12 [Powell, J., concurring in part and dissenting in part]). ¶ Because we consider the direct mail solicitation of accident victims and the making of deceptive and misleading statements in such mailings serious misconduct, we have concluded that respondent should be suspended from the practice of law for a period of six months. ¶ Respondent suspended for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.