## In Re Anonymous No. 65 D.B. 82

Disciplinary Board Docket No. 65 D.B. 82.

To the Honorable Chief Justice and Justices
of the Supreme Court of Pennsylvania:

KECK, *Member,* July 31, 1984—Pursuant *to* Rule
208(d)(2) of the Pennsylvania Rules of Disciplinary
Enforcement the Disciplinary Board of the Supreme
Court of Pennsylvania submits its findings and rec-
ommendations to your honorable court with respect
to the above-captioned petition for discipline.

## I. HISTORY OF THE CASE

On or about April 1, 1981, respondent opened an
office for the practice of law under the designation
"[A] Legal Clinic" using a distinctive logotype.

The matter came to the attention of Disciplinary
Counsel who charged respondent with practicing
under a trade name and ordered respondent to ap-
pear for an informal admonition July 28, 1981. Re-
spondent demanded a formal hearing before a hear-
ing committee on the charges and requested that all
hearings be entirely public, and that at least a por-
tion of the hearing be held in [A].

Accordingly the informal admonition was vacated
and on October 20, 1982 Office of Disciplinary
Counsel filed a Petition for Discipline charging that:

1. from April 1981, respondent engaged in the
private practice of law under the designation "The
[A] Legal Clinic" which is a trade name, a name that
is misleading as to the identity of the lawyer or law-
yers practicing under such name, or is a firm name
which contains a name other than those of one or
more of the lawyers in the firm, and

2. from April 1981 respondent engaged in, used
or allowed a form of advertising that is misleading
by advertising his private practice of law as "The [A]

Legal Clinic" which implies an association with or the sanctioning of a governmental entity, to wit, the City of [A], and

3. by such conduct respondent violated D.R.1-102(A)(4) prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation, D.R.2-101(A) prohibiting use of advertising that is knowingly false, fraudulent, or misleading, and D.R.2-102(A) prohibiting private practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name containing names other than those of one or more of the lawyers in the firm.

In his answer to the petition for discipline filed November 12, 1982, respondent contended that

"1. the words "[A] Legal Clinic" have always appeared adjacent to Respondent's own name and therefore do not constitute a trade name.

2. Use of the words "[A] Legal Clinic" with Respondent's own name does not convey false or misleading information to anyone, and

3. the term "[A] Legal Clinic" does not imply association with a sanctioning of a governmental entity such as the City of [A] because the City of [A] does not provide any legal services nor do any other cities of the Commonwealth of Pennsylvania."

Respondent contended further that the words "[A] Legal Clinic" with a distinctive logotype style were registered as a Service Mark with the United States Patent and Trademark Office and as such their use is ipso facto not false or misleading under the laws of the United States.

The matter was assigned to hearing committee [   ] composed of [   ]. A pre-hearing conference was held January 5, 1983 and hearings were scheduled for April 6 and April 7, 1983. At the time of the April 6, 1983 hearing the [   ] was absent on account of

illness. By agreement of counsel the matter proceeded before the remaining two members of the hearing committee with hearings held April 6, 1983, April 7, 1983, April 21, 1983, May 12, 1983 and June 23, 1983. During the course of the hearings, petitioner called ten witnesses and offered 28 exhibits, respondent called eight witnesses and offered 49 exhibits. Notes of testimony occupy 1137 pages.

About May 14, 1983, respondent petitioned the Disciplinary Board to proceed in forma pauperis and to obtain a transcript of the hearings without cost. The petition was denied. Respondent then petitioned the Supreme Court of Pennsylvania for review and applied for stay, special and summary relief. The petition and application were denied June 28, 1983.

Hearing committee [   ] filed its report February 7, 1984 recommending that respondent delete the word "[A]" from the name under which he practices and that upon proof of compliance with that order respondent be publicly censured by the Supreme Court.

Respondent filed a brief on exceptions and petitioner filed a brief on contra exceptions. Respondent requested oral argument.

Oral argument was held April 11, 1983 at [   ] before a panel composed of Sydney Krawitz, Esq., Nancy M. Neuman and Winfield Keck, Members of the Disciplinary Board.

The matter was adjudicated by the Disciplinary Board April 25, 1984.

## II. DISCUSSION

The report of the hearing committee lists 24 findings of fact and seven conclusions of law the essence of which is that the designation "[A] Legal

Clinic" is a trade name and that it has the capacity to mislead because some people may infer that it has an official connection with the City of [A]; further, that the use of the name "[A] Legal Clinic" coupled with respondent's identification as "managing attorney" has the capacity to mislead people into thinking that the clinic may have a staff of about eight attorneys, and finally that respondent is in violation of D.R.1-102(A)(4), 2-101(A), and 2-102(A).

The report supported its conclusions of law with a thorough argument of the assertion:

"I. The Name Which an Attorney Chooses to Practice Law Under may Constitutionally be Regulated by the Supreme Court of Pennsylvania, and Pennsylvania Lawyers May be Disciplined if They Engage in the Private Practice of Law Under a Trade Name That is Misleading as to the Identity of the Lawyer or Lawyers Practicing Under Such Name, or a Firm Name Containing Names Other Than Those of One or More of the Lawyers in the Firm."

The argument cites Bates v. State Bar of Arizona, 433 U.S. 350, 53L. Ed. 2d 810, 97 Sup. Ct. 2691 (1977); Ohralik v. Ohio State Bar Association, 436 U.S. 447, 56L. Ed. 2d 444, 98 Sup. Ct. 1912 (1978); Friedman v. Rogers, 440 U.S. 1, 59L. Ed. 2d 100, 99 Sup. Ct. 887 (1979); In the Matter of R. M. J., 455 U.S. 191 71L. Ed. 2d 64, 102 Sup. Ct. 929 (1982); Matter of Old Towne Legal Clinic, 402 A. 2d 1111 (Md. 1979); Matter of Shephard, App. Div., 459 N.Y.S. 2d 632 (1983); The George Washington Mint, Incorporated v. The Washington Mint, Incorporated, 349 F.Supp. 255 (S.D.N.Y., 1972).

The report continued to argue the merits of the matter at hand.

"II. The Respondent's Use of the Name, "The [A] Legal Clinic," Rather Than His Own Name, as the Designation for His Private Practice of Law, in Advertisements, Pamphlets, on Professional Cards, in Stationery, and Signs, etc., Which is a Trade Name, a Name That is Misleading and Confusing, Misleading as to the Identity of the Lawyer or Lawyers Practicing Under Such Name, and Which is a Firm Name Which Contains a Name Other Than Those of One or More of the Lawyers in His Firm, is in Violation of Disciplinary Rules 1-102(A)(4), 2-101(A) and 2-102(A)."

The report cites instances where the designation "[A] Legal Clinic" appeared without respondent's name, and where respondent is identified as "managing attorney" of the [A] Legal Clinic also as the founder of [A] Legal Clinic. And the report notes that the telephone director lists "[A] Legal Clinic" without respondent's name, and the telephone is answered "[A] Legal Clinic."

The report asserts that pamphlets used by respondent stating "You will consult with an experienced attorney . . . . The attorney will listen to your problem . . . ." and by using plural pronouns, "we," "our," have the effect of misleading people with believing that the [A] Legal Clinic may have a substantial staff.

The report cites cases referred to above in support of assertion II.

Finally the hearing committee report argues that

"III. The appropriate remedy is Public Censure, which should be conditioned upon Respondent changing his firm name." The report asserts that respondent is considered an asset to the legal community in [A], that he practices conscientiously and at competitive rates. His only shortcoming is the use of a deceptive or misleading trade name. The commit-

tee recommends that all reference to [A] or a similar geographical location be deleted from the firm name and that respondent's name or his and his partner's name be associated with the legal clinic's name.

On March 1, 1984, respondent filed a brief on exceptions to the hearing committee report in which he argued that the question had become moot because the Pennsylvania Bar Association had adopted the recommendations of the Kutak Commission and had recommended to the Supreme Court of Pennsylvania that the new Code of Professional Responsibility be adopted. He argued further the Supreme Court did adopt the new rules that were published in The Pennsylvania Bulletin, January 7, 1984.

Respondent argued further that since no witness was produced to testify that he was misled by the designation "[A] Legal Clinic" it was not proved that the designation had the capacity to mislead.

Respondent and his counsel based their oral argument on the contention that the Supreme Court, by causing the Proposed Rules of Disciplinary Enforcement to be published in the Pennsylvania Bulletin, adopted those rules. Apparently they failed to understand that the proposed rules were published for the purpose of inviting comment. Respondent and his counsel argued that the proposed rules specifically permit the use of geographical names by citing the example "Springfield Legal Clinic," and that the proceedings against respondent were rendered moot by adoption of new rules.

Regardless of whether new rules have been adopted or not, the violations occurred when the old (current) rules were in effect and respondent's behavior must be judged by the standards that were applicable when it occurred.

No arguments were advanced at oral argument that had not been advanced earlier at hearings or in briefs.

## III. CONCLUSION

The Disciplinary Board accepts the report of hearing committee [   ] including findings of fact and conclusions of law included herein by reference.

## IV. RECOMMENDATION

The Disciplinary Board concurs with hearing committee [   ] and recommends that respondent be ordered to change his firm name by deleting all reference to [A] or any similar geographical location wherever the name appears and that respondent be directed to associate his name or his and his partner's names with the name of his legal clinic, and that upon submission of proof of compliance with the order to be publicly censured by the Supreme Court of Pennsylvania.*

Mr. McGinley dissented.

Messrs. Krawitz and Douglas did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this September 7, 1984, upon consideration of the recommendation of the Disciplinary Board dated July 31, 1984, it is ordered that respondent, [   ], change his firm name by deleting all reference to [A] or any other designation not in

---

* It is further recommended that the court direct that all reasonable and necessary expenses incurred by this board in the investigation and processing of the petition for discipline be borne and paid for by said respondent.

conformity with D.R.2-102(A) and, upon submission to Disciplinary Counsel of proof of compliance, respondent be subjected to an informal admonition by Disciplinary Counsel.

Costs to be remitted.