(February 15, 1985)

■ In the Matter of ERIC P. VON WIEGEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — By decision dated April 6, 1984, this

court suspended respondent from the practice of law for six months because he (1) solicited by mail the victims and families of the Hyatt Regency Hotel disaster in Kansas City, Missouri in July 1981, (2) made deceptive and misleading statements in the solicitation letters to the effect that a "litigation coordinating committee" had been formed to assist the disaster victims and that many accident victims and/or their families had requested representation by respondent, and (3) used a trade name, i.e, "The Country Lawyer" (*Matter of Von Wiegen,* 101 AD2d 627). Thereafter, the Court of Appeals stayed the suspension and subsequently modified this court's order by dismissing the charges with respect to direct mail solicitation and use of a trade name. The matter was remitted for reconsideration of the sanction to be imposed on the sustained charge of making deceptive and misleading statements in the solicitation letters (*Matter of Von Wiegen,* 63 NY2d 163).

Respondent now moves for reargument or renewal of his original motion to disaffirm the referee's report with respect to the charge of making deceptive and misleading statements. In the alternative, he requests that this court impose no sanction with respect to such charge or, if a sanction is to be imposed, that it not involve a suspension from the practice of law. Initially, we deny the motion for reargument or renewal because, in light of the Court of Appeals decision, the former is untimely and without merit and the latter is unsupported by assertions of fact which could not have been made at the time of the original motion to disaffirm (*see, e.g., Foley v Roche,* 68 AD2d 558, 567-568).

With respect to the appropriate sanction, we first note that the use of deceptive and misleading statements in the solicitation letter constitutes serious misconduct which warrants imposition of a penalty. The Court of Appeals has confirmed this court's findings that respondent's communications were indeed deceptive in that (1) respondent and his secretary were the only members of the purported "litigation coordinating committee", and (2) only some, and not many, families had contacted respondent, and none had in fact requested representation (63 NY2d 163, 176). We strongly condemn respondent's conduct in the making of such misleading statements especially when it is considered that they were directed to disaster victims and their families.

Inasmuch as the Court of Appeals has dismissed two of the three charges of unprofessional conduct underlying the six-month suspension initially imposed, and considering respondent's previously unblemished record, we conclude that a censure of respondent would now be an appropriate sanction.

Respondent censured. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.