(January 18, 1989)

■ In the Matter of ERIC P. VON WIEGEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Petitioner, the Committee on Professional Standards, moves to confirm a Referee's report which sustained two charges of professional

misconduct against respondent. Respondent cross-moves to disaffirm the report. Respondent was admitted to the practice of law in New York State by this court on May 27, 1980; he currently resides in Vermont.

The two charges of professional misconduct at issue here arise out of an alleged agreement between respondent and one Jeffrey C. Arnow, whereby Arnow was to solicit clients on behalf of respondent in return for a percentage of respondent's fees received from those clients. Respondent concedes that he regularly engaged in direct mail solicitation of the families of victims of serious personal injury accidents, when such accidents were reported in newspapers and other media. It is also undisputed that Arnow worked for and was paid by respondent, and there is ample evidence in the record to support Arnow's testimony that he contacted potential clients and urged them to seek advice and assistance from respondent. Respondent vehemently denies, however, that Arnow's solicitation efforts were the product of any agreement or that respondent ever requested or encouraged Arnow to solicit clients.

Respondent testified that Arnow began "hanging around" respondent's office after respondent agreed to do some legal work for Arnow. According to respondent, he employed Arnow on occasion to run errands and to do some investigative work. Respondent testified that he also employed Arnow to do some demolition work on a building purchased by respondent. He further testified that Arnow became a nuisance and that he told Arnow not to solicit clients. During the course of the hearing, respondent sought to portray Arnow as a criminal, involved in rape and drugs, whose testimony was fabricated following his unsuccessful effort to extort money from respondent. In fact, Arnow's only prior conviction was for possession of stolen property, and respondent's extortion claim was investigated by the police, but resulted in no charges.

The only evidence that Arnow's solicitation of clients was the product of an improper agreement between respondent and Arnow was the testimony of Arnow that such an agreement existed and that respondent participated in the planning and execution of Arnow's solicitation efforts. As noted above, respondent denied the existence of any such agreement and testified that Arnow acted without his knowledge or consent and was admonished not to solicit clients. Arnow also testified that respondent's secretary and an attorney who shared office space with respondent were aware of the agreement, but both

the secretary and the attorney denied any knowledge of such an agreement.

As to charge I, that respondent violated certain provisions of the Code of Professional Responsibility by hiring a person to recommend the use of his services, the issue distills to one of credibility. Arnow's testimony is called into question because of his prior conviction, inconsistencies within his testimony, discrepancies between his testimony and that of the other witnesses, and allegations that his testimony was motivated by vengeance. On the other hand, respondent's testimony can be viewed as self-serving, and neither respondent's secretary nor the attorney who shared office space with respondent is a disinterested witness. In these circumstances, the Referee elected to credit Arnow's testimony.

This court has consistently recognized that due deference should be given to a fact finder's determination on the issue of credibility (e.g., Town of Ulster v Massa, 144 AD2d 726; Cordts v State of New York, 125 AD2d 746; Oneonta Dress Co. v Ozona-USA, Inc., 120 AD2d 899; Van Valen v Ferraro, 114 AD2d 621; Anthony F. Wasilkowski, M.D., P. C. v Amsterdam Mem. Hosp., 109 AD2d 986; People v Scarincio, 109 AD2d 928; Empire Livestock Mktg. Coop. v Byrd, 78 AD2d 946). Such deference is not the result of any abdication of our fact-finding or review powers; it is predicated on the commonsense notion that a Trial Judge who observes a witness and hears his testimony is in a special position to evaluate and integrate that evidence with other facts before him (supra). There is no reason for applying a different rule in cases involving attorney discipline. In the area of administrative law, the Court of Appeals has said, "The Hearing Officer before whom the witnesses appeared * * * was able to perceive the inflections, the pauses, the glances and gestures—all the nuances of speech and manner that combine to form an impression of either candor or deception" (Matter of Berenhaus v Ward, 70 NY2d 436, 443).

In the case at bar, it is noteworthy that the Referee is a former Court of Claims Judge, experienced in hearing and assessing witnesses' testimony in a nonjury trial setting. It is also significant that in his report the Referee found that "[t]he testimony of Arnow is replete with discrepancies, misstatements, and * * * partial falsehoods." In these circumstances, where an experienced Trial Judge recognizes the infirmities in a witness's testimony but nonetheless finds sufficient truth to credit his testimony on the central issue in the case, we perceive no basis for refusing to adopt the Referee's finding.

As to the second charge, that respondent engaged in improper fee-splitting with Arnow, we reach a contrary result. The Referee made no specific finding on the issue of whether Arnow actually received a portion of the fees received by respondent, and the only evidence on the issue was Arnow's testimony that his initial agreement with respondent called for him to receive 20% of the fee. In actuality, however, Arnow received cash payments in various amounts which bore no relationship to the fees generated by Arnow's solicitation efforts. Respondent paid Arnow for services rendered, but there is no proof in the record that these payments constituted improper fee-splitting.

The Referee's report should be confirmed as to charge I and disaffirmed as to charge II. Based upon the very serious nature of the professional misconduct encompassed by charge I, and in light of respondent's prior serious misconduct in the making of deceptive and misleading statements in direct mail solicitation to accident victims *(Matter of Von Wiegen,* 108 AD2d 1012), we conclude that respondent should be suspended for five years.

Motion to confirm Referee's report granted with respect to charge I and denied with respect to charge II; cross motion to disaffirm Referee's report with respect to charge I denied and granted with respect to charge II; respondent suspended from the practice of law for five years, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.