■ In the Matter of ERIC P. VON WIEGEN, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner.—Per Curiam. Respondent was admitted to practice by this Court on May 27, 1980. He is currently serving a five-year suspension from practice imposed by this Court's decision dated January 18, 1989 *(Matter of · Von Wiegen,* 146 AD2d 901, *lv denied* 74 NY2d 603).

Petitioner, the Committee on Professional Standards, moves for an order striking respondent's name from the roll of attorneys, arguing that respondent was automatically disbarred upon his conviction of Federal income tax evasion (see, Judiciary Law § 90 [4] [a], [b]). Respondent opposes the motion.

On June 24, 1992, respondent pleaded guilty in the United States District Court for the Northern District of New York to count one of a multi-count indictment charging him with Federal income tax evasion and willful submission of false income tax returns. Count one charged income tax evasion in violation of 26 USC § 7201, a felony. He was sentenced to a one-year prison term, suspended after service of two months, and placed on probation for two years. He was ordered to pay the taxes owed to the IRS, with interest and penalties, and to pay a fine of $10,000. The remaining counts of the indictment have been dismissed.

An attorney convicted of a Federal felony essentially similar to an offense classified as a felony under New York State law is automatically disbarred (see, Judiciary Law § 90 [4] [a], [e]). An attorney convicted of a Federal felony without such a New York analogue is guilty of a serious crime and shall be suspended by the Appellate Division until a final disciplinary order is entered (see, Judiciary Law § 90 [4] [f]); Matter of Johnston, 75 NY2d 403).

Petitioner contends that 26 USC § 7201 is essentially similar to New York's Tax Law § 1804 (b).* We conclude otherwise. 26 USC § 7201 makes felonious conduct not necessarily felonious under New York law. For example, a false or fraudulent return not substantially understating tax liability may constitute a felony under 26 USC § 7201 but not a felony under Tax Law § 1804 (b). Therefore, a Federal conviction under 26 USC § 7201 is not necessarily of sufficient gravity (i.e., essentially similar to a New York felony) to automatically rebut the presumption of integrity underlying an attorney's license to

---

* 26 USC § 7201 states: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 * * * or imprisoned not more than 5 years, or both, together with the costs of prosecution."

Tax Law § 1804 (b) states: "Any person who, with intent to evade any tax imposed by article twenty-two or any related income or earnings tax statute files a false or fraudulent return and, with such intent, substantially understates on such return his tax liability under such article or statute, shall be guilty of a class E felony."

practice law in New York State *(see, Matter of Margiotta,* 60 NY2d 147, 150, n 1).

We therefore find that respondent was convicted of a serious crime (a Federal felony without a New York analogue), deny petitioner's motion to strike his name from the roll of attorneys, and order respondent to show cause why a final order of suspension, censure, or removal from office should not be made (Judiciary Law, § 90 [4] [f], [g]).

Mikoll, J. P., Yesawich Jr., Levine, Mercure, and Crew III, JJ., concur. Ordered, that petitioner's motion to strike respondent's name from the roll of attorneys is denied, and it is further ordered, that respondent is hereby directed to show cause before this Court, on a date fixed by the Clerk, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g).