■ In the Matter of ERIC P. VON WIEGEN, an Attorney and Counselor-at-Law, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [598 NYS2d 390] —Per Curiam. Respondent was admitted to practice by this Court on May 27, 1980. He is currently serving a five-year suspension from practice imposed by this Court's order entered January 18, 1989 *(Matter of Von Wiegen,* 146 AD2d 901, *lv denied* 74 NY2d 603).

On June 24, 1992, respondent pleaded guilty in the United States District Court for the Northern District of New York to count one of a multi-count indictment charging him with Federal income tax evasion and willful submission of false income tax returns. Count one charged income tax evasion for the tax year 1982 in violation of 26 USC § 7201, a Federal felony. He was sentenced to a one-year prison term, which was suspended after service of two months, and placed on probation for two years. He was ordered to pay taxes he owed the IRS, with interest and penalties, and fined $10,000. The remaining counts of the indictment were dismissed.

At his plea allocution, respondent admitted filing a fraudulent tax return by fraudulently deducting a very substantial attorney referral fee. Specifically, according to the Justice Department attorney and the sentencing memorandum submitted to the District Court by the United States Attorney, in December 1982 a large personal injury case jointly worked on by respondent and another attorney settled for $900,000. The aggregate attorney's fee was $293,000. The other attorney was scheduled to receive $22,593 as his share of the fee. On December 30, 1982, respondent issued a check to this attorney

for $165,000. The attorney deposited the check on January 10, 1983 and a day later issued a check to respondent for $142,446, the difference between what he was entitled to and what respondent had paid him. Respondent improperly deducted the full amount of the $165,000 check as a referral fee on his 1982 tax return and did not declare any of the $142,446 repayment as income on his 1983 return.

By decision dated February 4, 1993, this Court determined that respondent had been convicted of a serious crime as that term is defined under Judiciary Law § 90 (4) (d) and ordered him to show cause why a final order of suspension, censure, or removal from office should not be made (*Matter of Von Wiegen*, 190 AD2d 905).

Respondent's conviction is but the latest episode in an unenviable disciplinary record. He was censured for making deceptive and misleading statements in solicitation letters to the victims and families of the Hyatt Regency Hotel disaster in Kansas City, Missouri, in July 1981 (*Matter of Von Wiegen*, 108 AD2d 1012, *cert denied sub nom. Committee on Professional Stds. v Von Wiegen*, 472 US 1007) and he is currently serving a five-year suspension for hiring a person to recommend the use of his services, in violation of various provisions of the Code of Professional Responsibility (*Matter of Von Wiegen*, 146 AD2d 901, *supra*). It also appears respondent has been suspended from practice on two occasions in recent years in Michigan, where he was admitted in the 1970's.

Under these circumstances, and to preserve the reputation of the Bar and deter similar misconduct, we conclude that respondent should be disbarred, effective immediately.

Mikoll, J. P., Yesawich Jr., Levine, Mercure, and Crew III, JJ., concur. Ordered that, respondent, Eric P. Von Wiegen, who was admitted as an attorney and counselor-at-law by this Court on May 27, 1980, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court

regulating the conduct of disbarred, suspended or resigned attorneys.