■ In the Matter of EDWARD LESHAW, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [678 NYS2d 807] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1958, and maintained an office for the practice of law in Brooklyn.

The petition in this matter was filed by the grievance committee in the Second Department. After that committee presented its case at a hearing, the Referee recused himself. The Second Department then transferred the matter to petitioner, the Committee on Professional Standards. This Court then appointed a Referee to take testimony and issue a report.

The Referee's report sustained four charges of professional misconduct against respondent and found that charge four was not proven. The sustained charges alleged that respondent engaged in a pattern of in-person solicitation of accident victims in violation of the Code of Professional Responsibility DR 2-103 (22 NYCRR 1200.8 [charge one]), employed another person to solicit legal business in violation of Judiciary Law § 482 (charge two), failed to file completed retainer statements as required by the rules of the Appellate Division, Second Department (charge three), and, by reason of the foregoing, engaged in conduct adversely reflecting on his fitness to practice law (*see,* DR 1-102 [A] [8] [22 NYCRR 1200.3 (a) (8)] [charge five]). The unsustained charge four alleged that the incomplete filings specified in charge three constituted conduct prejudicial to the administration of justice (*see,* DR 1-102 [A] [5] [22 NYCRR 1200.3 (a) (5)]).

Petitioner moves to confirm the Referee's report. Respondent moves to confirm the Referee's report with respect to charges three and four and to disaffirm the report with respect to the other three charges.

During the relevant period, respondent maintained a successful personal injury practice. One Anthony Izzo testified that respondent paid him from settlement proceeds for his solicitation of cases from hospitalized accident victims. He further stated that before his association with respondent, he was an ambulance corpsman. Respondent admits retaining Izzo to perform general investigative work and help clients meet their litigation responsibilities. He also admits he dispatched Izzo to

meet with potential clients who called the firm and to secure their retainers. He vigorously denies authorizing Izzo to solicit clients.

Over a three-year period, respondent's firm made an unorthodox series of payments, ranging from $100 to $7,500, to at least 16 entities controlled by Izzo, with such names as All Boro Investigation, Inc., Kirkwood & Izzo, Fact Finders International and Litigation Support. The payments totaled over $572,000 and were made without any apparent schedule; sometimes several payments would be made on the same date to different payees and occasionally a month or more would pass without any payment. In contrast to other investigative services retained by respondent, no invoices were requested from Izzo and no records indicating the particular cases or nature of services performed for such compensation were maintained.

A hospital attorney testified that hospitalized victims of a plane crash were solicited within days of their admission. Her investigation turned up respondent's business cards with several patients. The mother of a car accident victim testified that a white male gave respondent's business card to her while she was in the emergency room and that she thereafter retained respondent. Another car accident victim testified that a person whom he did not then know but identified himself as respondent, visited him in the hospital, told him the doctor had sent him, and gave him a business card and some papers to sign, which he did.

Respondent argues that the Referee improperly admitted and credited Izzo's testimony. Izzo testified before the Referee appointed by the Second Department and counsel for respondent conducted an extensive cross-examination of the witness. The Referee appointed by the Third Department deemed the transcript of the Second Department proceedings admissible pursuant to CPLR 4517 based on evidence submitted by petitioner that Izzo was not available to testify because of physical illness. We concur (cf., Matter of James O., 210 AD2d 972) and also conclude that the Referee's credibility assessments should not be disturbed (see, e.g., Matter of Shapiro, 207 AD2d 946; Matter of Von Wiegen, 146 AD2d 901, lv denied 74 NY2d 603). While the Referee did not have an opportunity to evaluate Izzo's "nuances of speech and manner that combine to form an impression of either candor or deception" (Matter of Berenhaus v Ward, 70 NY2d 436, 443), he did have such an opportunity to evaluate respondent. Izzo's testimony was also supported by other evidence, as noted above.

The Referee properly sustained the charges of solicitation based on the evidence before him and the inferences to be derived therefrom. In addition, respondent is properly charged with implied knowledge of the acts of an agent such as Izzo. (*See, Matter of Rapport*, 186 AD2d 344.)

Respondent engaged in prohibited solicitation of clients who were unusually vulnerable to such importunities and appears to have embraced and profited from the activity. On the other hand, we note respondent's lack of a prior disciplinary record, that he has closed his private practice and is now employed as counsel to a hospital, and the favorable character testimony and affidavits on his behalf. Considering all of the circumstances, we conclude that respondent should be suspended from practice for a period of five years (*see, e.g., Matter of Von Wiegen, supra*).

Mercure, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that respondent is found guilty of charges one, two, three and five of the petition and petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent is suspended from the practice of law for a period of five years, effective immediately, and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another, and is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (22 NYCRR 806.9) regulating the conduct of suspended attorneys.