OPINION OF THE COURT
William P. Warren, J.
On December 6, 1999, the petitioner filed a petition for modification of a visitation order of this court dated November 26, 1997. Both parties appeared with counsel before the court on January 26, 2000 at which time the respondent’s counsel made an oral application to disqualify the petitioner’s attorney, Domestic Violence Law Project (hereinafter DVLP), from representation of the petitioner. Counsel for the respondent has submitted a memorandum in support of the application arguing, inter alia, that (1) the DVLP fails to meet the requirements of Judiciary Law § 495 and (2) permitting the DVLP to appear on behalf of litigants gives the appearance that the court is aligned with the DVLP and its cause. Attached to the memorandum is a letter dated October 6, 1999 from the Chair of the Rockland County Bar Association’s Committee on Professional Ethics.
The petitioner’s counsel has submitted a letter in opposition to the motion, along with a letter dated December 16, 1999 authored by a Fordham Law School professor.
The first question to answer is does section 495 of the Judiciary Law prohibit the DVLP from appearing in court on behalf of a client? While section 495 (1) of the Judiciary Law prohibits corporations or voluntary associations from appearing as an attorney-at-law in any court or furnishing attorneys or counsel or rendering legal services, subdivision (7) makes the entire section 495 of the Judiciary Law inapplicable to “non-profit organizations whether incorporated or unincorporated, organized and operating primarily for a purpose other than the provision of legal services and which furnish legal services as an incidental activity in furtherance of their primary purpose.” Subdivision (7) was added to the statute in 1979 through the enactment of chapter 706 of the Laws of 1979.
It is not disputed that the Rockland Family Shelter is a not-for-profit organization which provides emergency housing, services and outreach programs to victims of domestic violence and their families. The DVLP was established by the Rockland Family Shelter to provide legal counseling and representation in court to individuals who use the shelter’s services. Therefore, the Rockland Family Shelter is an organization organized and *36 operating primarily for a purpose other than the provision of legal services and which furnishes legal services as an incidental activity in furtherance of its primary purpose. Consequently, the Rockland Family Shelter is an organization which is excluded from the prohibitions of section 495 of the Judiciary Law by the terms of subdivision (7) thereof.
The next question to answer is does the appearance in court of the legal services program of the Rockland Family Shelter on behalf of a client in a visitation proceeding violate any statute, rule or canon of ethics as a consequence of its operating under the name “Domestic Violence Law Project”?
The respondent contends that the use of the name “Domestic Violence Law Project” gives the appearance that the Judge and/or Hearing Examiner is aligned with said organization. In support of this argument he cites 22 NYCRR 100.1 and 100.2, which rules require a Judge to “uphold the integrity and independence of the judiciary” (22 NYCRR 100.1), maintain and enforce “high standards of conduct” (22 NYCRR 100.1), and “avoid impropriety and the appearance of impropriety in all' of the judge’s activities.” (22 NYCRR 100.2 [emphasis added].) There is simply no merit to the argument that by allowing an entity known as the DVLP to appear and represent a litigant the court is compromising its integrity or independence or is not maintaining a high standard of conduct or creating or allowing an appearance of impropriety.
The proceeding before this court is a petition by Dawn Paskowski against Thomas DiBenedetto in which the petitioner seeks to modify a prior order of custody and visitation. Nowhere within the four corners of the petition is there a single allegation of domestic violence. Domestic violence is, simply put, not an issue before the court in this proceeding. Since domestic violence is not even an issue in this proceeding, the court does not agree that its permitting an appearance by the DVLP on behalf of the petitioner causes a violation of 22 NYCRR 100.1 or 100.2. Since there is no claim of domestic violence, the court cannot be influenced as to an issue that is not even present in the litigation.*
The DVLP and its attorneys are no different to a court than any other attorney appearing before the court and advocating *37 for their client’s cause. The fact that the DVLP represents alleged victims is similar to an attorney representing an alleged abuser and advocating that person’s innocence. Courts are constantly required to avoid giving additional consideration to a party’s claims because of the name of the counsel representing them. A few examples would be the District Attorney who claims to represent the People and crime victims, the United States Attorney who represents the United States Government and a County Attorney’s Office who often represents the Child Protective Services. In each such case the court cannot be swayed or influenced by virtue of the claims made by the lawyers appearing or the name they appear under. Instead, the court is required to decide each and every case based upon the evidence presented and the law as it applies.
Although not directly raised in the argument of the moving party, it is claimed through the attachment of a letter from the Chair of the Bar Association Committee on Professional Ethics that the DVLP is not permitted to appear in courts on behalf of clients. The argument appears to be premised on two grounds. First, that the DVLP is neither a legal aid office, nor a Public Defender Office, and as such it cannot constitute a law firm. Therefore, it is not permitted to formally appear on behalf of clients before the courts of the State of New York. Judiciary Law § 495 (7) specifically exempts and implicitly permits the provision of legal services by organizations such as the Rock-land Family Shelter. That is what is occurring here. There is no reason to conclude that this entity does not constitute a law firm and, therefore, would be prohibited from appearing on behalf of clients in the courts of the State of New York. 22 NYCRR 1200.1 (b) defines a “law firm” as including a “qualified legal assistance organization.” Qualified legal assistance organization is defined in 22 NYCRR 1200.1 (h) as “an office or organization of one of the four types listed in section 1200.8(d)(1) through (4), inclusive, that meets all the requirements thereof.” 22 NYCRR 1200.8 (d) (1) (Code of Professional Responsibility DR 2-103 [D] [1]) includes
“a legal aid office or public defender office * * *
“(ii) operated or sponsored by a bona fide, non-profit community organization.”
The term “legal aid office” is not defined in the Code of Professional Responsibility. There is no logic to arbitrarily excluding *38 from the definition of what is a legal aid office an entity such as the DVLP. This is an entity which furnishes legal services as an incidental activity of the bona fide, nonprofit community organization known as the Rockland Family Shelter and as such, in this court’s opinion, it falls under the definition of a legal aid office. There is no reason to conclude that it is not a “legal aid office.” A number of New York cases have considered issues relating to legal aid offices when entities with names such as “Westchester Legal Services, Inc.,” “Monroe County Legal Assistance Corp.” and “MFY Legal Services, Inc.” were the names of the firms appearing in the action. (See, Matter of Bess v Toia, 66 AD2d 844; Walker v Security Trust Co., 85 Misc 2d 614; Atamanuk v Kwok Yuin Wong, 82 Misc 2d 1059.)
The second argument relates to whether the utilization of the name “Domestic Violence Law Project” is so misleading and deceptive that it should not be permitted by the courts since lawyers and law firms are not to engage in conduct involving fraud, deceit or misrepresentation or conduct that is prejudicial to the administration of justice. Code of Professional Responsibility DR 2-102 (B) (22 NYCRR 1200.7 [b]) prohibits a lawyer in private practice from practicing under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, and other prohibitions. However, it also states: “[s]uch terms as legal clinic’, legal aid’, legal service office’, legal assistance office’, ‘defender office’ and the like, may be used only by qualified legal assistance organizations.” (Code of Professional Responsibility DR 2-102 [B] [22 NYCRR 1200.7 (b)] [emphasis supplied].) In the opinion of this court, use of the term DVLP is sufficiently similar to the listed terms to be covered by the reference in the Disciplinary Rule to “and the like.”
Finally, and most importantly, the use of the term is not so misleading or deceptive as to render its use impermissible. The New York State Court of Appeals discussed the purpose of the prohibition against trade names by lawyers in Matter of von Wiegen (63 NY2d 163). There it was stated: “The purpose of the prohibition against trade names embodied in DR 2-102 (B) is to prevent the public from being deceived about the identity, responsibility and status of those who use the name (Matter of Shannon, 292 Ore 339; cf. Friedman v Rogers, 440 US 1 [use of trade names by optometrists]). The use of the motto ‘The Country Lawyer’ in respondent’s flyer did not deceive in that way because the lawyer’s name was inserted apart from the motto. The case relied upon by the Appellate Division, Matter *39 of Shephard (92 AD2d 978), is distinguishable. In Shephard, the court found that the corporate name ‘The People’s Law Firm of Jan L. Shephard, Attorney, P.C.’ constituted a trade name because it suggested that the firm was controlled by the public, received public funding or provided legal services on a nonprofit basis. No such potential for deception is present in the use of the term, ‘The Country Lawyer.’ ” (Matter of von Wiegen, 63 NY2d 163, 176-177.)
The use of the term DVLP is one which conveys the general nature of the work of the law office. It mostly, yet not exclusively, deals with issues involving claims of domestic violence by persons who are involved with the Rockland Family Shelter. There is no reason to conclude, nor is it argued, that the public is deceived by the name. There is no reason to believe that a court would be misled and cause it to lose its impartiality when addressing either an issue of alleged domestic violence or another, unrelated issue. As previously stated, it is the allegations in the pleadings and the proofs presented which the court looks at, not simply the name by which a law office appears in court. In cases where the issue of domestic violence is not even raised as an allegation such as support or custody issues, the fact that the law firm is named the DVLP has absolutely no bearing on the outcome of the proceeding and to claim that a court would be unduly influenced or prejudiced or misled as a result of lawyers appearing in court under the trade name DVLP is simply inaccurate.
For all of the foregoing reasons, the motion to disqualify the Domestic Violence Law Project from representing the petitioner in this case is hereby denied.

 It should be noted that even if domestic violence was an issue, at most what can be inferred by a court when a party appears via an entity such as the DVLP is that the litigant is alleging domestic violence. Assumedly, it is the pleadings which will illuminate the claim of domestic violence, not the fact that the litigant is represented by an entity calling itself the DVLP. To assume that a Judge would be influenced in his/her determination because *37 an individual is represented by an entity such as the DVLP is to give far too much weight to a name and not nearly enough to the ability of a Judge to determine the facts based upon the evidence presented.