[724 NYS2d 772]

In the Matter of SCOTT MICHAEL BERGER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 29, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* and *Diana J. Szochet* of counsel), for petitioner.

*Gentile, Brotman, Maltz & Benjamin,* New York City (*Susan Brotman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing two charges of professional misconduct. The Special Referee sustained both charges after a hearing. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves for an order disaffirming the Special Referee's report and dismissing the proceeding against him. Alternatively, the respondent requests that the Court impose a sanction no greater than a private reprimand.

Charge One alleges that the respondent engaged in a pattern and practice of filing inaccurate, incomplete, and/or misleading retainer statements with the Office of Court Administration (hereinafter the OCA).

Between January 1995 and August 1996, the respondent filed approximately 350 retainer statements with the OCA. In response to question 7 on those statements, which concerned information about the person referring the client, the respondent provided inaccurate, incomplete, and/or misleading information. By reason of the foregoing, the petitioner charged the respondent with conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and 22 NYCRR 691.20 (a) (1) (2).

Charge Two alleges that the respondent engaged in a pattern and practice of paying third persons for the purpose of soliciting retainers authorizing the respondent to perform legal services, in violation of Code of Professional Responsibility DR 2-103 (22 NYCRR 1200.8) and Judiciary Law § 482.

Between January 1995 and December 1996, the respondent made payments of at least $41,570 to Ivan Magloire and of at least $700 to Larry Harvard. Both Magloire and Harvard received payment from the respondent for the purpose of soliciting retainers authorizing the respondent to perform legal services.

Based on the evidence adduced, the Special Referee properly sustained both charges. The petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross-motion is denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to impose a sanction no more severe than a private reprimand. However, the inference to be drawn from the evidence clearly indicates professional misconduct. As in *Matter of Leshaw* (254 AD2d 569), the respondent engaged in a pattern of improper solicitation of accident victims in violation of Code of Professional Responsibility DR 2-103 (22 NYCRR 1200.8), employed another person to solicit legal business in violation of Judiciary Law § 482, and failed to file complete and accurate retainer statements.

Based on the totality of circumstances, including the respondent's previously unblemished record, the respondent is suspended from the practice of law for three years.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Scott Michael Berger, is suspended from the practice of law for a period of three years, commencing June 29, 2001, and continuing until the further order of this Court, with leave to apply for reinstatement after the expiration of the three-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Scott Michael Berger shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.