■ In the Matter of Jose E.M. Garcia, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [860 NYS2d 235]—

Per Curiam. Respondent was admitted to practice by this Court in 1995. His last known address is in Boyds, Maryland.

Upon his plea of guilty of the crime of conspiracy to commit immigration fraud in violation of 18 USC §§ 371 and 1546 (a), respondent was sentenced on February 8, 2008 in the United States District Court for the Eastern District of Virginia to 10 weekends in jail, two years of probation, 50 hours of community service and a $750 fine. According to respondent's plea agreement, his firm represented an alien who was seeking an alien labor certificate to work as a geriatric caregiver/nurse aide. Respondent's law partner prepared a letter stating that the alien had employment experience in this field. Respondent executed the letter in the name of the purported employer, believing the information to be true, but without verifying the same.

Petitioner moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) based upon his conviction of a federal felony. Respondent opposes the motion.

An attorney convicted of a federal felony essentially similar to an offense classified as a felony under New York law is automatically disbarred (see Judiciary Law § 90 [4] [a], [e]). An attorney convicted of a federal felony without such a New York analogue is guilty of a serious crime and shall be suspended by the Appellate Division until a final disciplinary order is entered (see Judiciary Law § 90 [4] [f]; Matter of Johnston, 75 NY2d 403 [1990]).

Petitioner contends that 18 USC § 1546 is essentially similar to Penal Law § 175.35. We conclude otherwise (see e.g. Matter of Lee, 36 AD3d 1069 [2007]; Matter of Markovitch, 191 AD2d 116 [1993]). Nevertheless, respondent was convicted of a serious crime as defined in Judiciary Law § 90 (4) (d) and his interim suspension is required (see Judiciary Law § 90 [4] [f]).

In view of the above, we deny petitioner's motion, suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and direct respondent to show cause why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g) (see e.g. Matter of Von Wiegen, 190 AD2d 905 [1993]; Matter of Kagan, 184 AD2d 912 [1992]).

Mercure, J.P., Spain, Carpinello, Kane, Malone Jr., JJ., concur. Ordered that petitioner's motion is denied; and it is further ordered that respondent is suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that respondent is directed to show cause before this Court, within 20 days of the date of this decision, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).