■ In the Matter of KRISTOPHER A. HOLLANDS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [886 NYS2d 360]—

Per Curiam. Respondent was admitted to practice by this Court in 1994. His last known address is in Mission Hills, California.

On April 22, 2002, respondent was sentenced in the United States District Court for the Central District of California to 30 days of imprisonment, five years of probation, 200 hours of community service and restitution in the amount of $100,000, upon his plea of guilty to the crime of mail fraud affecting a financial institution in violation of 18 USC § 1341.

Petitioner moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b), contending that respondent's admissions made during his federal plea were tantamount to an admission of guilt of the crime of grand larceny in the second degree, a class C felony (see Penal Law § 155.40 [1]). Respondent has not replied to the motion.

We deny petitioner's motion, but nevertheless conclude that respondent was convicted of a serious crime necessitating his interim suspension (see Judiciary Law § 90 [4] [d], [f]). Respondent is therefore directed to show cause why a final order of suspension, censure or removal from office should not be made

pursuant to Judiciary Law § 90 (4) (g) (*see e.g. Matter of Garcia*, 52 AD3d 1017 [2008]).

Cardona, P.J., Rose, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that petitioner's motion is denied; and it is further ordered that respondent is suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that respondent is directed to show cause before this Court, within 20 days of the date of this decision, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).