█ In the Matter of STEPHEN J. WAITE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [929 NYS2d 501]—

Per Curiam.

Respondent was admitted to practice by this Court in 1979 and maintains an office for the practice of law in the Town of Guilderland, Albany County.

Petitioner charged respondent with attempting to mislead and deceive third parties (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]),* assisting his client in fraudulently evading creditors and others (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 7-102 [a] [7] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.33 (a) (7)]), attempting to mislead and deceive petitioner (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]), and failing to maintain funds belonging to another incident to the practice of law in an escrow account (*see* Code of Professional Responsibility DR 9-102 [b] [1] [22 NYCRR 1200.46 (b) (1)]). Although respondent denied the charges, they were sustained by a referee after a hearing. Petitioner moves to confirm the referee's report and respondent moves to reject it.

Based on our review of the evidence, as well as the inferences to be derived therefrom (*see Matter of Leshaw*, 254 AD2d 569, 571 [1998], *lv dismissed* 93 NY2d 847 [1999]), we find respondent guilty of the professional misconduct alleged in the petition. However, we note that all of the misconduct arises from respondent's involvement in a single residential real estate transaction; it appears to be an isolated incident. Further, the record reveals that, prior to petitioner's awareness of the matter, respondent facilitated repayment to his client's creditors and made efforts to rectify the situation involving the third parties. Finally, respondent has an otherwise unblemished disciplinary history, and a number of individuals who have worked with and known him for several years have attested to his good character and professionalism.

Under all of the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of one year. However, we stay the suspension upon the condition that respondent not be the subject of any further disciplinary action, proceeding or application commenced by petitioner (*see generally Matter of Gaylord*, 9 AD3d 676 [2004]; *Matter of Sissman*, 274 AD2d 738 [2000]; *Matter of Dudley*, 262 AD2d 864 [1999]). Respondent may apply for termination of his suspension after the one-year period has expired. Any such ap-

---

* As respondent's misconduct occurred prior to the April 1, 2009 enactment of the Rules of Professional Conduct, all references are to the former Code of Professional Responsibility.

plication shall be served upon petitioner, which may be heard thereon.

Peters, J.P., Rose, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent's motion is denied; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.