(October 31, 1990)

■ In the Matter of C. WILLIAM GRAY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the practice of law in New York State by this court in 1969 and maintains his office in Elmira, Chemung County.

On April 26, 1990, respondent was convicted in the Police Court of the City of Albany upon a plea of guilty to two counts of violating New York State Tax Law § 1801 (a), failure to file income tax returns, which are misdemeanors. Respondent was sentenced to a $5,000 fine.

On August 29, 1990, this court denied a motion by petitioner, the Committee on Professional Standards, pursuant to Judiciary Law § 90 (4) (f), for an order temporarily suspending respondent by reason of his conviction of a serious crime. An application by respondent to set aside the automatic suspension imposed by section 90 (4) (f) was granted and he was directed to show cause why a final order of discipline should not be entered (Judiciary Law § 90 [4] [g]). Respondent was heard in mitigation on October 18, 1990.

Respondent's failure to file New York State income tax returns constitutes serious professional misconduct. Such misdemeanors are among those crimes specifically designated as "serious" by statute (Judiciary Law § 90 [4] [d]) and for which the Legislature imposes an automatic suspension from practice in the absence of any countervailing order by the Appellate Division (see also, 22 NYCRR 806.7). Further, "an attorney has a duty to comply strictly with statutory mandates, particularly those relating to making income tax returns and payment of taxes due" (Matter of Abbate, 38 AD2d 144).

We note that respondent has demonstrated personal circumstances which tend to mitigate his misconduct to some degree. Those circumstances include his wife's illness and death due to lung cancer in the late 1970's; his son's subsequent contraction of the debilitating illness Guillain-Barre syndrome; respondent's difficulty in maintaining a significant legal practice during these periods; and many related financial problems. In addition, respondent enjoys an otherwise unblemished disciplinary record and a good reputation among his peers. Further, we note that respondent's misconduct was not related to his legal practice but was of a personal nature; that his misconduct does not evidence dishonesty as might have intentional inaccuracies on a tax return; and that there does not appear to be a likelihood of a recurrence of respondent's

misconduct. Finally, respondent has already been punished as a result of his conviction and by the adverse publicity attendant thereto.

Under all of the circumstances, we conclude that respondent should be suspended from the practice of law for a period of three months (see, e.g., Matter of Sullivan, 92 AD2d 978; Matter of Romas, 71 AD2d 969; Matter of Breslin, 26 AD2d 212).

Respondent suspended from the practice of law for a period of three months and until further order of this court, the date of commencement to be fixed in the order to be entered hereon. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.