(August 27, 1992)

■ In the Matter of FREDERICK J. NERONI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD

JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this Court on February 19, 1974. He maintains a law office in the Village of Delhi, Delaware County.

Petitioner moves for an order suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) by reason of his conviction of the Federal felony of filing a false tax return for calendar year 1985 in violation of 26 USC § 7206 (1), until such time as a final order of suspension, censure or removal from office is made pursuant to Judiciary Law § 90 (4) (g).

On April 8, 1992, respondent pleaded guilty to filing a false tax return in the United States District Court for the Northern District of New York. Respondent was sentenced on August 3, 1992 to a one-year term of incarceration (suspended), a two-year term of probation, and a $20,000 fine; he was also ordered to pay immediately $50,000 to the Internal Revenue Service for the tax loss for the tax years 1985, 1986 and 1987.

Respondent does not dispute that he has been convicted of a serious crime as that term is defined in Judiciary Law § 90 (4) (d) and we so find (see, Matter of Martin, 160 AD2d 132; Matter of Diamond, 150 AD2d 115). Under such circumstances, respondent's interim suspension is mandated unless respondent demonstrates that setting the suspension aside appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice (Judiciary Law § 90 [4] [f]).

Because we conclude that setting aside the interim suspension would not be consistent with the maintenance of the integrity and honor of the profession (see, e.g., Matter of Kadish, 139 AD2d 226), we grant petitioner's motion and suspend respondent from the practice of law until such time as a final disciplinary order is made.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that petitioner's motion to suspend respondent from the practice of law is hereby granted; and it is further ordered that respondent is hereby suspended from the practice of law, effective September 18, 1992, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and

respondent hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent is hereby directed to show cause before this Court on the 21st day of September, 1992, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law §90 (4) (g); and it is further ordered that respondent's personal appearance on September 21, 1992, is neither required nor permitted, but he may respond by filing with the Clerk of the Appellate Division, P.O. Box 7288, Capitol Station, Albany, NY 12224 on or before September 21, 1992, an affidavit or affirmation in mitigation, with proof of service of a copy upon petitioner on or before September 18, 1992.