(October 6, 1992)

■ In the Matter of FREDERICK J. NERONI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. By decision dated August 27, 1992, respondent was suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) by reason of his conviction of the Federal felony of filing a false tax return for calendar year 1985 in violation of 26 USC § 7206 (1), until such time as a final disciplinary order is made; his suspension became effective September 18, 1992 *(Matter of Neroni,* 185 AD2d 1015).

In determining a final disciplinary order several mitigating circumstances are presented. Respondent has already endured significant punishment by virtue of his criminal conviction and his current suspension from practice, along with the attendant humiliating publicity *(see, e.g., Matter of Troue,* 166

AD2d 871, 872). Respondent has also, until now, enjoyed an unblemished disciplinary record. Finally, as noted in our prior decision, respondent has made restitution to the Internal Revenue Service.

On the other hand, respondent has been convicted of a serious crime, as that term is defined in Judiciary Law § 90 (4) (d). He is guilty of serious professional misconduct, especially violating his duty to comply strictly with statutory mandates, particularly those relating to filing income tax returns and payment of taxes due *(see, Matter of Troue, supra)*. Also, convictions of the misdemeanor of failure to file New York State income tax returns, as opposed to respondent's more serious misconduct, have recently resulted in the imposition of suspensions by this Court *(see, Matter of Troue, supra; Matter of Gray,* 166 AD2d 870).

We conclude that respondent should be suspended from the practice of law for a period of six months, effective *nunc pro tunc* as of September 18, 1992 *(see, e.g., Matter of Kuba,* 162 AD2d 30).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that pursuant to Judiciary Law § 90 (4) (f) and (g) respondent is hereby suspended from the practice of law for a period of six months, effective *nunc pro tunc* as of September 18, 1992; and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this Court's rules (22 NYCRR 806.12 [b]) governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys, a copy of which section is attached hereto.