In the Matter of JAMES A. RESTI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 5, 1993

**APPEARANCES OF COUNSEL**

*Paul J. Ginnelly,* Syracuse, for Office of Grievance Committees.

*Michael Vavonese,* Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, James A. Resti, was admitted to the practice of

law by this Court on February 21, 1978. On March 11, 1992, respondent entered a guilty plea in United States District Court for the Southern District of New York to one misdemeanor count of willful failure to file his tax return (26 USC § 7203) and was sentenced to five years' probation. As a result of that plea, respondent was suspended on the ground that he had been convicted of a serious crime (see, Judiciary Law § 90 [4] [d], [f]) and ordered to show cause why a final order of censure, suspension or disbarment should not be entered (see, Judiciary Law § 90 [4] [g]).

Respondent has admitted that he failed to file his 1986 Federal tax return, and he has cooperated with the Internal Revenue Service in arranging payment of his taxes, interest and penalties, as required under the terms of his sentence of probation. The record shows that respondent's conduct was not motivated by dishonesty or venality. The misconduct was personal in nature and did not have an adverse impact on the interests of his clients. "[I]t does not evidence dishonesty as might have intentional inaccuracies on a tax return" (Matter of Troue, 166 AD2d 871, 872). Respondent has had no other blemish on his record during his nearly 15 years as a practicing attorney.

We conclude, after consideration of all the mitigating circumstances, that respondent should be suspended from the practice of law for a period of three months, effective November 24, 1992, and until further order of this Court (see, 22 NYCRR 1022.28 [i]; see also, Matter of Gray, 166 AD2d 870; Matter of Sullivan, 92 AD2d 978; Matter of Lawson, 90 AD2d 561).

DENMAN, P. J., GREEN, PINE, BOOMER and BOEHM, JJ., concur.

Final order of suspension entered pursuant to Judiciary Law § 90 (4) (h).