■ In the Matter of JOEL M. PROYECT, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [597 NYS2d 175] —Per Curiam. Respondent was admitted to practice by this Court on December 13, 1966. He has maintained an office for the practice of law in South Fallsburg, Sullivan County.

On February 5, 1992, respondent pleaded guilty in the United States District Court for the Southern District of New York to the Federal felony of manufacturing (i.e., growing) marijuana, in violation of 21 USC § 841 (a) (1) and (b) (1) (B). By decision dated May 4, 1992, this Court ordered respondent to show cause why a final order of suspension, censure or removal from office should not be made in view of his conviction (see, Judiciary Law § 90 [4] [g]).

On May 29, 1992, respondent was sentenced to 60 months imprisonment (the mandatory minimum), a $50 special assessment, and four years of supervised release upon his release from imprisonment. The Court of Appeals for the Second Circuit affirmed the conviction and sentence by decision dated March 15, 1993.

We have considered a number of factors in determining an appropriate disciplinary sanction. Respondent has been convicted of a crime classified as serious under Judiciary Law § 90 (4) (d). Moreover, his criminal misconduct was not occasional or minor but involved the open and notorious cultivation of at least 110 marijuana plants on farmland which he owned. Such disregard for the criminal law is clearly unbecoming of an officer of the court. It also appears that had New York law enforcement authorities pursued respondent, he might have been charged and convicted of a felony under Penal Law §§ 221.20, 221.25, or 221.30 for possession of more than eight ounces of marijuana in the form of plants (see, e.g., Matter of Parmeter v Feinberg, 105 AD2d 886). Such a felony conviction could have resulted in respondent's automatic disbarment (see, Judiciary Law § 90 [4] [a]). We also note the incongruity in allowing an imprisoned attorney to retain a license to practice law or even apply for reinstatement to practice (see generally, Matter of Diamond, 150 AD2d 115, 117). Finally, respondent's

remorse for his crime, if it does exist, is not clearly evident from the arguments he has thus far made to this Court and to the Federal courts.

There is no doubt respondent has suffered significant punishment for his criminal conduct, which was unrelated to the practice of law, by reason of his conviction, sentence, potential forfeiture of real property, and attendant adverse publicity *(see, Matter of Troue,* 166 AD2d 871, 872). Also, respondent enjoys an otherwise unblemished disciplinary record and an apparently good personal and professional reputation *(see generally,* Standards for Imposing Lawyer Sanctions § 9.32, by the American Bar Association Center for Professional Responsibility, 1986). Nevertheless, respondent is guilty of serious misconduct and a substantial sanction is therefore indicated.

We conclude that respondent should be suspended from the practice of law for a period of five years.

Weiss, P. J., Yesawich Jr., Mercure, Crew III, and Casey, JJ., concur. Ordered that pursuant to Judiciary Law § 90 (4) (f) and (g) respondent is hereby suspended from the practice of law for a period of five years, effective May 15, 1993; and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor-at-law, that he has complied fully with the provisions of section 806.12 (b) (22 NYCRR 806.12 [b]) of this Court's rules governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.