THIRD DEPARTMENT, MARCH, 1997

(March 4, 1997)

█ In the Matter of JOEL M. PROYECT, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [658 NYS2d 460] —Per Curiam. Respondent was suspended for five years by this Court, effective May 15, 1993 (Matter of Proyect, 192 AD2d 868). He now seeks reinstatement to practice prior to expiration of the five-year period. Petitioner, the Committee on Professional Standards, opposes the application.

In 1992, respondent pleaded guilty to the Federal felony of manufacturing (i.e., growing) marihuana, a crime classified as serious under Judiciary Law § 90 (4) (d). He was sentenced to five years in prison and four years of supervised release upon his release from prison. In arguing for early consideration of an application for reinstatement, respondent states that his family has been economically devastated by his sentence and suspension, that he was a model prisoner, that he was granted early and full release from Federal custody in November 1996 (although he remains under Federal probation supervision), that he has not consumed any controlled or addicting substances (i.e., drugs or alcohol) for three and a half years, and that he is successfully employed by a Manhattan wholesale merchandise distributor.

The rules of this Court state that an attorney may apply for reinstatement upon expiration of the period of suspension (22 NYCRR 806.12 [a]). We therefore decline to consider respondent's reinstatement application at this time. However, in view of the above circumstances, we grant respondent permission to

submit an application for reinstatement as early as January 1998. In addition to the usual proofs (*see*, 22 NYCRR 806.9, 806.12), any reinstatement application submitted by respondent must also contain proof of his compliance with the attorney registration statute and rules, documentation of his full release from Federal custody, a copy of his agreement to participate in the Lawyer Assistance Program of the New York State Bar Association, a report from his probation officer, and the results of a psychiatric examination.

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that respondent's petition be and hereby is granted only to the extent of permitting respondent to submit an application for reinstatement in January 1998, in accordance with the terms of this decision and the procedures set forth in this Court's rule on reinstatement (22 NYCRR 806.12), and the petition be and hereby is otherwise denied.