(June 9, 1998)

■ In the Matter of MICHAEL J. CHULAK, an Attorney and Counselor-at-Law. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; MICHAEL J. CHULAK, Respondent. [674 NYS2d 157] —Per Curiam. Respondent was admitted to practice by this Court in 1986. He has maintained a law office in New Jersey, where he was also admitted to practice in 1986.

Petitioner, the Committee on Professional Standards, moves for an order reciprocally disciplining respondent (*see*, 22 NYCRR 806.19) by reason of his recent three-month suspension from practice imposed by the New Jersey Supreme Court. Respondent was suspended for lack of candor toward a tribunal, assisting a non-attorney in the unauthorized practice of law, and misrepresentations.

Upon this record and having heard respondent in mitigation, we grant petitioner's motion and further conclude that the interests of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey, i.e., a suspension of three months, nunc pro tunc as of March 24, 1998, the effective date of his suspension in New Jersey. Upon the expiration of the period of suspension, respondent may apply for reinstatement upon furnishing satisfactory proof that he has been reinstated to practice in New Jersey and without further proceedings (*see, e.g.*, *Matter of Grushko*, 211 AD2d 184; *Matter of Greenfield*, 211 AD2d 29).

Cardona, P. J., Mikoll, White, Carpinello and Graffeo, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice for a period of three months, effective March 24, 1998, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys; and it is further ordered that respondent may apply for reinstatement after expiration of the suspension period upon furnishing satisfactory proof of his reinstatement to practice in New Jersey and without further proceedings.