THIRD DEPARTMENT, MARCH, 1999

(March 1, 1999)

■ In the Matter of RICHARD C. ROEMMELT, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [686 NYS2d 174] —Per Curiam. Respondent was admitted to practice by this Court in 1977 and maintained an office in Loudonville, Albany County.

Petitioner, the Committee on Professional Standards, moves for an order suspending respondent from practice pursuant to Judiciary Law § 90 (4) (f) by reason of his conviction in December 1998 in the United States District Court for the Northern District of New York of the Federal felony of knowingly filing a false tax return for calendar year 1991 (26 USC § 7206 [1]). He is scheduled to be sentenced in April 1999.

Respondent has been convicted of a serious crime mandating his interim suspension unless he demonstrates good cause to set aside such suspension consistent with the maintenance of the integrity and honor of the profession, the protection of the public, and the interest of justice (Judiciary Law § 90 [4] [d], [f]; *Matter of Neroni,* 185 AD2d 1015). The issues raised by respondent on this motion do not demonstrate such good cause and will be better addressed as mitigating circumstances in determining a final disciplinary sanction.

We therefore grant petitioner's motion and suspend respondent from the practice of law, effective immediately, and until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g).

Cardona, P. J., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that petitioner's motion to suspend respondent from the practice of law is granted and respondent's application to set aside such suspension is denied; and it is further ordered that respondent is suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys; and it is further ordered that petitioner, subsequent to respondent's sentencing, shall submit an order requiring respondent to show cause why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g).