[692 NYS2d 301]

In the Matter of HERBERT B. DERMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 25, 1999

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Howard Benjamin* of counsel (*Gentile, Brotman & Benjamin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Herbert B. Derman, was admitted to practice

law in the State of New York by the Second Judicial Department on December 21, 1955. At all times relevant to this proceeding, he maintained an office to practice law in the First Judicial Department.

On July 29, 1998, after a jury trial in the United States District Court for the District of Massachusetts, respondent was found guilty, *inter alia*, of conspiracy to manufacture, distribute and possess with intent to manufacture and distribute marihuana in violation of 21 USC § 846. To date, respondent has not been sentenced.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that respondent has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Alternatively, the Committee moves for an order determining that the crime of which respondent has been convicted is a serious crime (Judiciary Law § 90 [4] [d]), and directing that respondent be immediately suspended as an attorney, and further ordering that respondent show cause before a Court-appointed Referee why a final order of censure, suspension or disbarment should not be made.

Inasmuch as the Federal charge is substantially similar to the New York felony of criminal possession of marihuana in the first degree (Penal Law § 221.30; *see, Matter of Proyect*, 192 AD2d 868), the conviction subjects respondent to automatic disbarment (Judiciary Law § 90 [4] [a]). It should also be noted that respondent's attorney, although not conceding that automatic disbarment is warranted, indicates that respondent does not oppose the relief sought by the Committee.

Accordingly, since respondent ceased to be an attorney upon his felony conviction, the petition to strike his name from the roll of attorneys should be granted.

ROSENBERGER, J. P., WILLIAMS, MAZZARELLI, RUBIN and FRIEDMAN, JJ., concur.

Petition granted, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.