■ In the Matter of RICHARD C. ROEMMELT, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [692 NYS2d 770] —Per Curiam. Respondent was admitted to practice by this Court in 1977. He maintained an office for the practice of law in Loudonville, Albany County.

Respondent was convicted in the United States District Court for the Northern District of New York of the Federal felony of knowingly filing a false tax return for calendar year 1991 (Internal Revenue Code [26 USC] § 7206 [1]). By reason of such serious crime, this Court suspended respondent from practice pursuant to Judiciary Law § 90 (4) (f) (*Matter of Roemmelt*, 259 AD2d 769). On April 16, 1999, respondent was sentenced to three years probation (including six months home confinement), 300 hours of community service, and a $20,000

fine. Petitioner, the Committee on Professional Services, moves for an order imposing final discipline upon respondent in accordance with Judiciary Law § 90 (4) (g).

In determining an appropriate disciplinary sanction, we note the circumstances cited by respondent in mitigation: that his tax crime was not related to his practice of law but was related to a business he owned; his otherwise clean disciplinary record; and his registration as an attorney retired from the practice of law (22 NYCRR 118.1 [g]). However, respondent is guilty of serious professional misconduct injurious to the public and in violation of his duty to strictly comply with tax law mandates (*see, e.g., Matter of Neroni*, 186 AD2d 860; *Matter of Wernick*, 128 AD2d 260). We conclude that respondent should be suspended from practice for a period coterminous with his Federal probationary period or until further order of this Court (*see, e.g., Matter of Micci*, 225 AD2d 888).

Cardona, P. J., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that respondent's suspension from practice is continued for a period coterminous with his Federal probationary period or until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk, or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys.