■ In the Matter of ROBERT S. GAIMAN, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [694 NYS2d 809] —Per Curiam. Respondent was admitted to practice by this Court in 1979 and maintained an office for the practice of law in Monticello, Sullivan County.

In April 1999, respondent pleaded guilty in the United States District Court for the Southern District of New York to the Federal felony of aiding in the filing of a false tax return (26 USC § 7206 [2]). He then consented to his suspension from

practice, based on his conviction of a serious crime, until such time as this Court made a final disciplinary order (262 AD2d 706). Respondent has filed an affidavit of compliance with the suspension order, which was made effective June 7, 1999. On July 15, 1999, respondent was sentenced to one year of probation, a $1,000 fine, and a $100 assessment. He has paid the monetary penalties.

Petitioner, the Committee on Professional Standards, now moves for entry of a final disciplinary order. It appears from the papers submitted by respondent in mitigation, including character affidavits from a number of attorneys who know him well and a plea for disciplinary leniency by the Sentencing Judge, that respondent's crime was an aberrational lapse in judgment in a legal career with an otherwise unblemished disciplinary record. Respondent expresses remorse for his transgression.

Under the particular circumstances presented, we grant petitioner's motion and conclude that respondent should be suspended for a period of three months, *nunc pro tunc* to June 7, 1999 (*see, e.g., Matter of Neroni*, 185 AD2d 1015, 186 AD2d 860). In view of the expiration of said period, respondent is hereby reinstated to practice, without further proceedings in this Court (*see, e.g., Matter of Chulak*, 251 AD2d 744).

Cardona, P. J., Mercure, Spain, Carpinello, and Graffeo, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of three months, *nunc pro tunc* to June 7, 1999; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.