■ In the Matter of JOHN R. LOLIO, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [708 NYS2d 643] —Per Curiam. Respondent was admitted to practice by this Court in 1986. That same year he was also admitted in New Jersey and practiced with a law firm in that jurisdiction.

The Supreme Court of New Jersey suspended respondent from practice for a period of three months, effective March 6, 2000. From about 1992 through 1995, 219 wills prepared by respondent were signed by the testators in his presence but the witnesses signed outside the presence of the testators, relying upon respondent's assurances that he had seen the testators sign the wills. The wills were therefore not executed in strict

conformity with New Jersey's Statute of Wills. The wills in question have all been re-executed in conformity with the statute and no client has been harmed.

Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent (*see*, 22 NYCRR 806.19). Respondent advises he does not oppose the motion and requests the imposition of a three-month suspension, *nunc pro tunc* to March 6, 2000.

Under the circumstances presented, we grant petitioner's motion and reciprocally suspend respondent from practice for a period of three months, effective March 6, 2000. Upon the expiration of the period of suspension, respondent may apply for reinstatement upon furnishing satisfactory proof that he has been reinstated to practice in New Jersey and without further proceedings (*see, e.g., Matter of Chulak*, 251 AD2d 744).

Crew III, J. P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further, ordered that respondent is suspended from practice for a period of three months, effective March 6, 2000, and until further order of this Court; and it is further, ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority and from giving to another of an opinion as to the law or its application, or of any advice in relation thereto; and it is further, ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys; and it is further, ordered that respondent may apply for reinstatement after expiration of the suspension period upon furnishing satisfactory proof of his reinstatement to practice in New Jersey and without further proceedings.