[723 NYS2d 81]

In the Matter of PETER D. DeCURTIS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 2, 2001

**APPEARANCES OF COUNSEL**

*Grace D. Moran*, Syosset (*Edward A. Tini* of counsel), for petitioner.

*Joseph W. Ryan, Jr.,* Uniondale, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing one charge of professional misconduct against him. In his answer, he admitted all of the factual allegations contained in the petition. At the hearing, the Grievance Committee's case consisted of four exhibits. The respondent testified on his own behalf and introduced five exhibits into evidence. At the conclusion of the hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent joins in the Grievance Committee's motion and contends that the sanction imposed should be limited to a period of suspension ending on March 6, 2001, the date when his probation ends.

Charge One alleges that the respondent has been convicted of a crime, in violation of Judiciary Law § 90, 22 NYCRR 691.7, and the Code of Professional Responsibility. On or about April 29, 1999, a criminal information was filed in the United States District Court for the Eastern District of New York charging the respondent with one count of filing a false income tax return, in violation of 26 USC § 7206 (1), a class E felony. On or about May 21, 1999, with the consent of the court and the United States Attorney, the respondent entered into a written plea agreement and pleaded guilty to the information. On or about October 8, 1999, he was sentenced before the Honorable Arthur D. Spatt, United States District Judge, to a term of imprisonment of four months, home detention for a period of four months, a $20,000 fine, a $50 special assessment, and the payment of all unpaid taxes, interest, and penalties.

Based on the evidence adduced at the hearing, the charge of professional misconduct against the respondent is sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his prompt acceptance of responsibility, his remorsefulness, the four-month prison sentence that he has already served, the $350,000 in back taxes and penalties that he has already paid, that his misconduct occurred during the breakup of his marriage, that he has already been suspended from the practice of law for approximately one year, the aberrational nature of his misconduct, his otherwise unblemished record, and the transformation of lifestyle and outlook that he has experienced as a result of his misconduct. The respondent asks the Court to impose a period of suspension ending on March 6, 2001, the date when his probation ends.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

BRACKEN, P. J., O'BRIEN, SANTUCCI, ALTMAN and H. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Peter D. DeCurtis, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Peter D. DeCurtis, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.