[728 NYS2d 617]

In the Matter of JOSEPH DI NARDO, a Suspended Attorney, Respondent.

Fourth Department, July 3, 2001

**APPEARANCES OF COUNSEL**

*Vincent L. Scarsella,* Buffalo, for Attorney Grievance Committee for the Eighth Judicial District.

*Connors & Vilardo,* Buffalo (*Terrence M. Counsel* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1973, and maintained an office for the practice

of law in Buffalo. On October 5, 2000, respondent was convicted upon his plea of guilty in the Federal District Court for the Western District of New York of falsely subscribing a Federal income tax return for a corporation, in violation of 26 USC § 7206 (1). On October 25, 2000, this Court entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4) (a) and (e). After hearing respondent, this Court determined that there is no corresponding felony in New York.

On December 5, 2000, respondent was sentenced in Federal District Court to a two-year term of probation, including a six-month period of home confinement, and was ordered to pay a fine in the amount of $20,000. Respondent thereafter appeared before this Court and submitted matters in mitigation.

Respondent admitted that he signed his name to an income tax return for his law firm that he knew was not true with respect to every material matter stated therein. Specifically, respondent knew that the amount of the deductions for repairs and maintenance to which the law firm was entitled was substantially less than the amount reported on the return.

We have considered the mitigating factors submitted by respondent. Respondent, however, has been convicted of a serious crime. Additionally, he previously received a Letter of Admonition and a Letter of Caution (*cf., Matter of DeCurtis*, 282 AD2d 15; *Matter of Roemmelt*, 262 AD2d 866). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of three years, effective October 25, 2000, and until further order of the Court.

GREEN, J. P., PINE, HAYES, SCUDDER and BURNS, JJ., concur.

Final order of suspension entered.