THIRD DEPARTMENT, OCTOBER, 2001

(October 2, 2001)

■ In the Matter of PHILIP E. VAN RIPER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [730 NYS2d 887] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1975. He maintains an office for the practice of law in the City of Binghamton, Broome County.

On July 25, 2001, after pleading guilty, respondent was convicted in Binghamton City Court of a violation of Penal Law § 175.30, offering a false instrument for filing in the second degree, a class A misdemeanor. He had caused a SCPA 2307-a acknowledgment of disclosure affidavit, which was falsely backdated and bore a forged testator's signature and false witness's signature, to be filed with the Broome County Surrogate. Respondent was sentenced to a one-year conditional discharge and fined $1,000.

Respondent has been convicted of a serious crime as that

term is defined in Judiciary Law § 90 (4) (d) (*see, Matter of Evans*, 254 AD2d 849; *Matter of Posner*, 131 AD2d 979) and shall be suspended from practice as prescribed by statute unless this Court finds that good cause is shown to set aside such suspension (*see*, Judiciary Law § 90 [4] [f]). We have considered the mitigating circumstances advanced by respondent, but do not find them to be good cause to set aside the statutory suspension (*see, e.g., Matter of Roemmelt*, 259 AD2d 769). We therefore grant petitioner's motion to suspend respondent from practice until such time as a final disciplinary order is made (*see*, Judiciary Law § 90 [4] [f]).

Mercure, J. P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), effective 20 days from the date of this decision, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see*, 22 NYCRR 806.9) regulating the conduct of suspended attorneys; and it is further ordered that respondent is hereby directed to show cause before this Court, on a date fixed by the Clerk, why a final disciplinary order should not be made pursuant to Judiciary Law § 90 (4) (g).