█ In the Matter of PHILIP E. VAN RIPER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [793 NYS2d 922]—

Per Curiam. Respondent was admitted to practice by this Court in 1975 and maintains a law office in the City of Binghamton, Broome County.

On February 23, 2005, respondent pleaded guilty to a violation of 26 USC § 7206 (1), knowingly filing a false tax return for calendar year 1998, a federal felony. He had misstated his taxable income for that year by $46,083.

Respondent has been convicted of a serious crime as defined in Judiciary Law § 90 (4) (d) (*see Matter of Neroni*, 185 AD2d 1015 [1992]). The statute requires that he be suspended from practice unless this Court finds that good cause exists to set aside the suspension (Judiciary Law § 90 [4] [f]). We have considered the mitigating circumstances advanced by respondent, but do not find that they establish such good cause (*see Matter of Roemmelt*, 259 AD2d 769 [1999]). Therefore, we grant petitioner's motion to suspend respondent effective 20 days from the date of this decision, until such time as a final disciplinary order is made (*see* Judiciary Law § 90 [4] [f]).

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law,

pursuant to Judiciary Law § 90 (4) (f), effective 20 days from the date of this decision, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).