■ In the Matter of PHILIP E. VAN RIPER, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [808 NYS2d 815]—

Per Curiam. Respondent was admitted to practice by this Court in 1975 and maintained a law office in the City of Binghamton, Broome County, until this Court suspended him from practice, pursuant to Judiciary Law § 90 (4) (f), by order dated May 5, 2005 (*Matter of Van Riper*, 18 AD3d 954 [2005]).

Petitioner moves for an order imposing final discipline, pursuant to Judiciary Law § 90 (4) (g), based on respondent's conviction in the United States District Court for the Northern District of New York of one count of filing a false federal income tax return for 1998 in violation of 26 USC § 7206 (1), a federal felony. Respondent was sentenced on October 6, 2005, to a three-year term of probation and six months in-home detention, and is required to pay all taxes, penalties and interest due to the Internal Revenue Service.

According to the count of the indictment to which respondent pleaded guilty, he underreported his taxable income for the tax year 1998 by $46,083. Respondent does not dispute that he still owes $43,694 to the Internal Revenue Service.

Previously, in October 2001, this Court suspended respondent from practice pending final discipline after he was convicted of another serious crime, offering a false instrument for filing, a misdemeanor (*Matter of Van Riper*, 287 AD2d 755 [2001]). He filed with the Surrogate's Court of Broome County a SCPA 2307-a acknowledgment of a disclosure affidavit, which was falsely backdated and contained a forged testator's signature and false witness's signature. Respondent was sentenced to a one-year conditional discharge and fined $1,000. In January 2002, as final discipline, this Court imposed a one-year suspension (*Matter of Van Riper*, 290 AD2d 572 [2002]). He was reinstated to practice in March 2003 (*Matter of Van Riper*, 303 AD2d 902 [2003]). In August 2002, petitioner issued a letter of caution to respondent arising out of his representation of a client in a matrimonial matter.

Having heard respondent in mitigation, we find that there has been no reasonable explanation offered for his criminal acts. Taking into consideration the nature of his crime and his prior criminal and disciplinary record, we conclude that the ends of justice and the interests of the legal profession and the

public require respondent's disbarment (*see e.g. Matter of Von Wiegen*, 193 AD2d 1049 [1993], *appeal dismissed* 82 NY2d 801 [1993], *lv denied* 82 NY2d 665 [1994]; *Matter of Chervin*, 181 AD2d 111 [1992]).

Under the circumstances presented, respondent should be disbarred, effective immediately.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).