OPINION OF THE COURT
Per Curiam.
Respondent David Boris Bernfeld was admitted to the practice of law in the State of New York by the Second Judicial Department on June 17, 1966. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.
Respondent was charged with two counts of repeated failure to file income tax returns, a class E felony, based on allegations that he failed to file returns and pay taxes on $1,047,518 in income earned between 2004 and 2007. The charges were reduced for purposes of disposition and on December 6, 2010, respondent pleaded guilty in Clarkstown Town Court, Rockland County, to one count of failing to file a New York State personal income tax return for the tax year 2007 in violation of Tax Law § 1801 (a), a misdemeanor. He was sentenced to a one-year conditional discharge and granted a certificate of relief from disabilities.
By order entered October 26, 2012, this Court, upon the petition of the Departmental Disciplinary Committee (the Committee), deemed the offense to which respondent pleaded guilty a “serious crime” pursuant to Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (b) and directed respondent to show cause before a Hearing Panel of the Committee (the Panel) why a final order of censure, suspension or disbarment should not be made. On February 27, 2013, the sanction hearing was held. The Committee did not call any witnesses but introduced documentary evidence. Respondent testified on his own behalf, called four character witnesses, and introduced documentary evidence. Following the hearing, both parties submitted memoranda in which the Committee argued for a suspension ranging from six months to one year and respondent urged a sanction no greater than a public censure.
By a report dated June 14, 2013, the Panel recommended public censure as the appropriate sanction in light of certain *28 mitigating factors. In particular, the Panel noted that (1) at the point when he stopped filing and paying his taxes, respondent “was under significant stress resulting from his substantial financial losses in [his] options trading program, his recently having stopped drinking, the demands of his new solo practice, and his treatment for prostate cancer”; (2) while respondent exhibited poor judgment “[h]is tax delinquency was not venal or dishonest and did not harm any clients” and he “has taken significant corrective steps to prevent any recurrence”; (3) respondent has cooperated with state and federal tax authorities and with the Committee; (4) respondent has engaged in significant pro bono work since 2009, and (5) several witnesses testified strongly to respondent’s good character, and he “has convincingly expressed remorse.” As to aggravating factors, the Panel found that the Committee had not met its burden of proving that respondent had violated the Code of Professional Responsibility DR 5-104 (a) (22 NYCRR 1200.23 [a]) in connection with his option trading program and certain loan transactions, and that notwithstanding respondent’s July 2010 admonition for failure to comply with the rule requiring periodic itemized billing of domestic relations clients, his tax-related misconduct was aberrational, with little chance of recurrence. Thus, the Panel believed that a a public censure was a sufficient deterrent.
By petition dated August 21, 2013, the Committee asks this Court to confirm the Panel’s findings of fact and conclusions of law, and to issue a sanction of no less than a public censure. Respondent, through counsel, has submitted a response in which he supports the Panel’s recommendation of a public censure.
“Sanctions of attorneys convicted of misdemeanor tax offenses have ranged from private reprimand to censure to suspension. Public censure has been deemed appropriate in tax avoidance cases where the behavior is aberrational or marked by substantial mitigating circumstances or factors. When less substantial evidence in mitigation has been presented, or when aggravating factors exist, attorneys have been suspended” (Matter of Eppner, 62 AD3d 151, 155 [1st Dept 2009] [internal citations omitted]).
In mitigation, respondent’s legal career has spanned 47 years and he presented evidence of his professional competence, pro bono work, remorse and good character. As the Panel observed, respondent was under significant stress during the period that he failed to file his personal returns, and he has cooperated *29 with the tax authorities, repaying more than $600,000 in taxes owed and negotiating an offer of compromise. However, the evidence in aggravation includes the fact that during the periods at issue (2004-2007), respondent earned a substantial income (totaling $1,047,518), met other financial obligations, and purchased two condominiums in Florida, spending a substantial sum of money renovating one of the units. Moreover, respondent failed to file and pay his state and federal taxes for four years and there was no expert evidence presented establishing a direct, causal connection between his alcoholism and prostate cancer and his failure to pay his taxes.
Considering the nature and circumstances of the offense, and balancing these mitigating and aggravating factors, respondent’s misconduct warrants a three-month suspension (see Matter of Resti, 188 AD2d 8 [4th Dept 1993] [three-month suspension for failure to file tax return where the respondent had otherwise unblemished record, was not motivated by dishonesty or venality, cooperated with the Internal Revenue Service in arranging payment of his taxes, interest and penalties, and misconduct was personal in nature and did not have an adverse impact on the interests of his clients]; Matter of Gray, 166 AD2d 870 [3d Dept 1990] [three-month suspension for failure to file income tax returns where mitigating circumstances included the respondent’s wife’s illness and death due to lung cancer, his son’s subsequent contraction of Guillain-Barre syndrome, and financial difficulties, and the respondent enjoyed an otherwise unblemished disciplinary record and a good reputation among his peers]; see also Matter of Howley, 70 AD3d 218 [1st Dept 2009] [one-year suspension, notwithstanding mitigating factors, where the respondent, while disregarding tax obligations, purchased a five-bedroom house in New Jersey and a four-bedroom house in Florida, owned three motor vehicles, paid for his children to attend private school, lied to his wife by telling her that tax matters had been taken care of and failed to notify his partners of the pending criminal investigation]; Matter of Burns, 242 AD2d 49 [1st Dept 1998] [six-month suspension for misdemeanor tax offense where pattern of tax avoidance]).
Accordingly, we grant the Committee’s petition to the extent of confirming the Panel’s findings of fact and conclusions of law, and respondent should be suspended from the practice of law in the State of New York for a period of three months.
Andrias, J.R, Moskowitz, DeGrasse, Freedman and Richter, JJ., concur.
*30 Respondent suspended from the practice of law in the State of New York for a period of three months, effective 30 days from the date hereof, and until further order of this Court, portions of the record sealed, as indicated.