*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014          D-91-14
_____

In the Matter of JONATHAN
    KREMNER, a Suspended
    Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,                               MEMORANDUM AND ORDER
                    Petitioner;

JONATHAN KREMNER,
                    Respondent.

(Attorney Registration No. 2636587)
_____

Calendar Date:  November 3, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
         Devine, JJ.

                    _____

        Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for petitioner.

        Jonathan Kremner, Wesley Chapel, Florida, respondent
pro se.

                    _____

Per Curiam.

        Respondent was admitted to practice by this Court in 1994.
He currently resides in Wesley Chapel, Florida.

        In June 2007, respondent was sentenced to three years of
probation and $100,000 in restitution in the US District Court
for the District of Oregon, upon his guilty pleas to one count of
the sale of an unregistered security (15 USC §§ 77e, 77x) and one

count of filing a false tax return (26 USC § 7206 [1]), which are "serious crime[s]," as defined in Judiciary Law § 90 (4) (d) (see e.g. Matter of Van Riper, 25 AD3d 1065 [2006], lv dismissed 6 NY3d 843 [2006]; Matter of Rothenberg, 275 AD2d 591 [2000]; Matter of Roemmelt, 262 AD2d 866 [1999]).  Here, respondent admitted selling, through the wire transfer of funds, an unregistered security from an offshore bank to a Florida investor for $100,000.  He also admitted that he failed to disclose his ownership of a foreign bank account on his federal tax return for the calendar year 2000.

Petitioner now moves for, among other relief, an order imposing final discipline, pursuant to Judiciary Law § 90 (4) (g), based upon respondent's conviction of the above serious crimes.  In his response to petitioner, respondent did not contest the propriety of the motion.

Under the circumstances presented, and considering the serious criminal conduct committed by respondent (see e.g. Matter of Van Riper, 25 AD3d at 1065-1066; Matter of Kushner, 18 AD3d 953, 953-954 [2005]), we conclude that petitioner's request for an order imposing final discipline should be granted, and respondent disbarred in this state.

Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that petitioner's motion is granted, to the extent that it seeks an order imposing final discipline pursuant to Judiciary Law § 90 (4) (g), and is otherwise denied; and it is further

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court