14-90080-am
In re Bernfeld

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2014
(Decided: December 18, 2014)

Docket No. 14-90080-am

_____

In re David Boris Bernfeld,

   *Attorney*.

_____

Before:           CABRANES, SACK, and WESLEY, *Circuit Judges*.

_____

David Boris Bernfeld, who was reciprocally suspended from the bar of this Court in October 2014 based on an order of suspension entered by the New York State Supreme Court Appellate Division, First Department, now moves for reinstatement to the bar of this Court. For the reasons discussed below, the motion is granted, with reinstatement to be effective January 20, 2015.

_____

For David Boris Bernfeld:    Deborah A. Scalise, Scalise Hamilton &
                             Sheridan LLP,
                             New York, New York

**PER CURIAM:**

By order filed March 27, 2014, the New York State Supreme Court Appellate Division, First Department, suspended David Boris Bernfeld from the practice of law "for a period of three months," effective 30 days from the date of that order and until further order of that court. *In re Bernfeld*, 117 A.D.3d 26, 30 (1st Dep't 2014). Pursuant to that order, Bernfeld's suspension commenced on April 28, 2014. *See In re Bernfeld*, M-4815 (1st Dep't October 30, 2014) (order reinstating Bernfeld as attorney in New York State and noting effective date of suspension was April 28, 2014).[1]

This Court was not aware of that suspension until August 25, 2014, when Bernfeld's attorney notified us of the First Department's order and requested that any reciprocal discipline run concurrently with the three-month term imposed by the First Department. By order filed September 24, 2014, we reciprocally suspended Bernfeld from the practice of law before this Court, pursuant to

---

[1] The thirtieth calendar day after March 27, 2014 was Saturday, April 26, 2014. Bernfeld's state suspension began on the next business day, Monday, April 28, 2014.

2

Second Circuit Local Rule 46.2(c). *In re Bernfeld*, 14-90080-am (order filed Sept. 24, 2014). The reciprocal nature of the suspension was phrased as follows: "upon such terms and conditions as set forth in [the First Department's suspension order] and until further order of this Court." *Id.* Additionally, the order was to become effective 28 days after its filing, "unless otherwise modified or stayed." *Id.* Because the order was not modified or stayed, on motion or nostra sponte, it became effective on October 22, 2014.

By order filed October 30, 2014, the First Department reinstated Bernfeld to the practice of law in New York. *See In re Bernfeld*, M-4815 (1st Dep't Oct. 30, 2014). As a result, Bernfeld now moves to be reinstated to this Court's bar. Among other things, Bernfeld notes that he has not practiced in this Court since the date his suspension was imposed by the First Department. However, he does not further suggest how the term of reciprocal suspension should be calculated, so as to permit reinstatement at this time. Bernfeld appears to assume that this Court's suspension term has expired, either because (a) more than three months have passed since the First Department's suspension became effective on April 28, 2014; or (b) the First Department's reinstatement allows or requires "reciprocal reinstatement" by this Court.

3

We issue this opinion to clarify aspects of this Court's reciprocal discipline process for the benefit of the bar.

## DISCUSSION

All three subsections of this Court's reciprocal suspension rule, Local Rule 46.2(c), are relevant to the present issue:

> **(1) Notification Requirement.** An attorney admitted to practice in this court who is disbarred, suspended, publicly censured, or otherwise disciplined by an attorney disciplinary authority must file with the clerk a copy of that disciplinary order within 28 days. . . .
>
> **(2) Reciprocal Order.** When the court receives a copy of an order entered by an attorney disciplinary authority disbarring or suspending an attorney from practice, the clerk enters an order disbarring or suspending the attorney from practice before this court on comparable terms and conditions. This court's order becomes effective 28 days after it is filed, unless the court orders otherwise.
>
> **(3) Motion to Modify or Vacate.** Within 21 days after the filing of this court's order, the attorney may move to modify or vacate the order. The motion will be decided by the Grievance Panel, unless referred to the Committee [established pursuant to 2d Cir. Local Rule 46.2(b)]. The timely filing of a motion stays the court's order until the motion is determined. Unless good cause is shown, an untimely motion will not be considered.

2d Cir. Local Rule 46.2(c).

Bernfeld did not file a copy of the March 27, 2014 state suspension order with this Court within 28 days of its filing, as required by Local Rule 46.2(c)(1).

4

Instead, he informed this Court of that suspension order in August 2014, nearly five months after its filing. Local Rule 46.2(c) does not explicitly provide a penalty for untimely notification by the attorney. However, there are consequences: delayed notification to this Court means delayed entry of this Court's reciprocal disciplinary order, and delayed commencement of whatever disciplinary measures are imposed by this Court.

This Court's reciprocal suspension orders generally are not imposed *nunc pro tunc* to the date of the original disciplinary order (although the Court may do so in the exercise of its informed discretion). An attorney wishing to have this Court's reciprocal suspension imposed as near as possible to the time of the imposition of the original suspension is advised to quickly inform this Court of the original suspension.

Because Bernfeld's reciprocal suspension was not imposed *nunc pro tunc*, it commenced October 22, 2014.[2] Since the term of his reciprocal suspension is "upon such terms and conditions as set forth in [the First Department's

---

[2] The fact that Bernfeld has not practiced before this Court since the imposition of the First Department's suspension does not affect this determination. A self-imposed suspension will not satisfy our reciprocal discipline requirements, unless this Court explicitly imposes a term of reciprocal suspension *nunc pro tunc* to an earlier date.

suspension order] and until further order of this Court," the reciprocal suspension has not yet terminated for two reasons: (a) the three-month reciprocal suspension period, matching the suspension period imposed by the First Department, does not expire until Tuesday, January 20, 2015; and (b) aside from expiration of that three-month period, this Court's reciprocal order also requires a "further order of this Court."[3]

The reciprocal suspension order entered in this case complies with Local Rule 46.2(c)(2), in that it suspended Bernfeld on "terms and conditions" that are "comparable" to those imposed by the First Department. 2d Cir. Local Rule 46.2(c)(2). That subsection of the local rule "reflect[s] a rebuttable presumption that the reciprocal discipline imposed by this Court will be identical—or as close to identical as our rules and the circumstances permit—to the discipline imposed by the prior court or other disciplinary authority." *In re Roman*, 601 F.3d 189, 192 (2d Cir. 2010). In this case, the reciprocal suspension was identical to the First Department's suspension.

---

[3] This Court's reciprocal suspension order also requires that the First Department end Bernfeld's state court suspension. *See In re Bernfeld*, 14-90080-am (order filed Sept. 24, 2014) (imposing reciprocal suspension "upon such terms and conditions as set forth in [the First Department's suspension order]"); *In re Bernfeld*, 117 A.D.3d at 30 (imposing suspension "for a period of three months" and until further order of that court). That condition was satisfied by the First Department's October 30, 2014 reinstatement order. *See In re Bernfeld*, M-4815.

The reciprocal suspension order also was consistent with the provision of Local Rule 46.2(c)(2) that states that the Court's reciprocal disciplinary order "becomes effective 28 days after it is filed, unless the court orders otherwise."

Bernfeld was free to challenge any aspect of the reciprocal suspension order. Specifically, Local Rule 46.2(c)(3) gave Bernfeld the opportunity to request, by motion filed within 21 days after the filing of the reciprocal suspension order, that the reciprocal suspension be modified or stayed. In addition to accommodating challenges to the imposition of reciprocal discipline, *see Roman*, 601 F.3d at 193-95, that provision of the local rule permits attorneys to request, as relevant here, that this Court's order be modified to take effect either *nunc pro tunc* to some date in the past or immediately (*i.e.*, not 28 days after the filing of this Court's order). Bernfeld did not file a motion to modify the reciprocal suspension.[4]

Finally, we note that Bernfeld's state court suspension actually lasted over six months, from April 28, 2014 to October 30, 2014, not three months as

---

[4] As noted earlier, Bernfeld did request in his August 25, 2014 notification to this Court of the First Department's suspension order that this Court's reciprocal suspension "run concurrently" with the state suspension. However, Bernfeld failed to file a motion for that relief, and his informal request was not acted upon.

prescribed in the First Department's March 2014 order. However, in the absence of any indication that the First Department intended to lengthen the term imposed in its suspension order, this Court's reciprocal suspension term will reflect the term explicitly imposed by the First Department rather than the actual length of time Bernfeld remained under suspension. That Court's October 30, 2014 order reinstating Bernfeld states that he moved for that relief on October 20, 2014, suggesting that the additional suspension period from July 28, 2014 (the end of the three-month period) to October 30, 2014 (the end of the six-month period) resulted from Bernfeld's decision to wait until October, rather than any decision of the First Department to delay his reinstatement.

## CONCLUSION

For the forgoing reasons, it is hereby **ORDERED** that the motion for reinstatement to this Court's bar is **GRANTED** and, for the reasons discussed above, Bernfeld is reinstated effective January 20, 2015.