(February 28, 1989)

■ In the Matter of ALBERT POSNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Third Judicial Department, Petitioner.—Per Curiam. Respondent is an attorney admitted to practice by the Second Department in 1948. The instant proceeding to discipline him for professional misconduct arose out of respondent's having filed attendance sheets, while employed in the position of principal attorney at the State Department of Law in Albany, wherein he repeatedly charged to "sick leave" or failed to charge at all, time when he was out of town conducting a used car business. As a consequence, respondent was convicted of the misdemeanor of offering a false instrument for filing in the second degree (Penal Law § 175.30). This resulted in the automatic suspension of respondent's license to practice law, effective June 30, 1987, pursuant to Judiciary Law § 90 (4) (f) *(Matter of Posner, 131 AD2d 979)*.

Petitioner then commenced this proceeding against respondent, alleging four charges of professional misconduct. Following a hearing, the Referee issued a report sustaining two of those charges. Petitioner and respondent have each moved for an order confirming in part and disaffirming in part the Referee's report.

Charge I of the petition of charges is uncontested. It alleges that on April 17, 1987, respondent was convicted in the City of Albany Police Court upon his plea of guilty of the above-described misdemeanor and that he is thereby guilty of violating DR 1-102 (A) (3), (4), (5), (6) of the Code of Professional Responsibility, i.e., that he engaged in illegal conduct and in conduct involving, *inter alia,* fraud and deceit, and in conduct adversely reflecting upon his fitness to practice law. The Referee sustained this charge.

Charge II alleges that respondent further violated DR 1-102 (A) (3), (4), (5), (6) by attempting to deceive an Administrative Law Judge at a hearing conducted at the State Department of Motor Vehicles (DMV) in August 1986. There, respondent testified that he had never met a certain DMV automotive facilities inspector who had allegedly interviewed respondent regarding his used car business. This charge was not sustained by the Referee.

Charge III alleges another violation of DR 1-102 (A), based on respondent's having understated the sales price of a motor vehicle by $1,000 on a bill of sale, causing a loss of sales tax to the State Department of Taxation and Finance. The Referee also ruled that this charge was not sustained.

Charge IV alleges that respondent further violated DR 1-102 (A) by submitting biweekly attendance records to his employer, the State Department of Law (the Department), from April 1985 through March 1987, on which he repeatedly indicated that he was either out sick or was present and performing his duties at the Department on days when he was out of town, attending used car auctions. The Referee sustained the charge.

We find that the record fully supports the findings and conclusions of the Referee in sustaining charges I and IV. Charge I, alleging respondent's conviction of the misdemeanor of second degree offering a false instrument for filing (Penal Law § 175.30), is undisputed and clearly constitutes a violation of DR 1-102 (A) (3), (4), (5), (6) as charged.

As to charge IV, the testimony and documentary evidence presented at the Referee's hearing provided sufficient proof that respondent submitted attendance sheets to his supervisor on which he repeatedly indicated he was either out sick or at work, when he was in fact attending to his used car business. Most telling were the attendance sheets themselves. They showed that on 17 separate dates, respondent charged to sick leave or did not charge at all, afternoons when he was at used car auctions in the Town of Clifton Park, as evidenced by respondent's signature on bills of sale from the car auctions bearing all 17 of these dates.

While we concur with the Referee's decision not to sustain charge II, we conclude that charge III, alleging that respondent violated DR 1-102 (A) by understating the purchase price of a motor vehicle on its bill of sale to avoid payment of the full amount of sales tax due, should be sustained. More than sufficient evidence was adduced to prove respondent's guilt of this charge which, in the main, accused him of fraudulent conduct adversely reflecting on his fitness to practice law.

In determining an appropriate sanction, we have considered the nature of respondent's misconduct, the consequences he has already incurred by reason of his conviction of a crime, and the letters submitted on his behalf attesting to his good character and standing in the community. While we in no way condone respondent's acts, we conclude that his suspension

from practice since June 1987, a period of some 20 months, comprises adequate punishment.

Motion and cross motion granted to the extent that the Referee's findings as to charges I, II and IV are confirmed; the finding as to charge III is disaffirmed and that charge is sustained; respondent sanctioned in accordance with this decision. Kane, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., concur.