[—— NYS2d ——]

In the Matter of HERBERT M. KUSCHNER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 1, 1994

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for petitioner.

*Tolmage, Peskin, Harris & Falick,* New York City *(Stephan H. Peskin* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the three charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report and, in the alternative, should the charges be sustained, to limit the sanction imposed to a censure.

Charge One alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b). The respondent pleaded guilty on September 2, 1992, before the Honorable Larry Rosen, Albany City Court, Criminal Part, to a charge of offering a false instrument for filing in the second degree, in violation of New York Penal Law § 175.30, a class A misdemeanor. The crime of which the respondent was convicted involves the willful filing of a written instrument containing a false statement or false information. A judgment of conviction was entered in the Albany City Court, Criminal Part, on October 14, 1992, before the Honorable Larry Rosen, sentencing the respondent to 45 days in the Albany County Jail.

Charge Two alleged that the respondent failed to file with this Court a record of conviction within 30 days after his judgment of conviction was entered on October 14, 1992, in violation of Judiciary Law § 90 (4) (c).

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (7) (now [8]) (22 NYCRR 1200.3 [a] [5], [7]). This charge is predicated on the factual allegations set forth in Charges One and Two.

After reviewing all of the evidence adduced, we find that the respondent is guilty of all three charges of professional misconduct. Accordingly, the petitioner's motion to confirm

the report of the Special Referee is granted and the cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the letters of support submitted by individuals familiar with the respondent, the respondent's family difficulties, as well as the respondent's contentions that his misconduct was not committed within the scope of his practice of law, that he paid almost twice the amount of the tax due on his purchase, and that he has served an otherwise unprecedented period of incarceration. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Herbert M. Kuschner, is suspended from the practice of law for a period of one year, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Herbert M. Kuschner, is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.