■ In the Matter of PHILIP E. VAN RIPER, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [735 NYS2d 643] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1975. He maintains an office for the practice of law in the City of Binghamton, Broome County.

On October 2, 2001, this Court suspended respondent from practice, effective November 30, 2001, on account of his conviction for a serious crime until such time as a final disciplinary order is made (see, Matter of Van Riper, 287 AD2d 755). Re-

spondent was convicted, after pleading guilty in Binghamton City Court, of a violation of Penal Law § 175.30, a class A misdemeanor. He had caused a SCPA 2307-a acknowledgment of disclosure affidavit—which was falsely backdated, bore a forged testator's signature, and was falsely witnessed by respondent's secretary at his request—to be filed with the Surrogate's Court of Broome County. Respondent was sentenced to a one-year conditional discharge and fined $1,000.

We conclude that respondent should be suspended from practice for a period of one year, effective as of the date of his current suspension, as a final disciplinary sanction (*see, e.g., Matter of Kuschner*, 200 AD2d 336; *Matter of Posner*, 147 AD2d 889). We note that respondent's misconduct is mitigated by his otherwise unblemished disciplinary record as a solo practitioner in Broome County for 26 years.

Mercure, J. P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that respondent is suspended from practice for a period of one year and until further order of this Court, effective November 30, 2001; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see*, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.