■ In the Matter of SARAH M. BRAEN SCOTT, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [863 NYS2d 847]—

Per Curiam. Respondent was admitted to practice by the Fourth Department in 2000 and maintains a law office in the Town of Franklin, Delaware County.

On June 4, 2008, respondent was convicted, upon her plea of guilty in the Town Court of the Town of Delhi, of offering a false instrument for filing in the second degree in violation of Penal Law § 175.30, a class A misdemeanor. Respondent knowingly and unlawfully signed and filed a false adoption petition with the Delaware County Surrogate's Court in which she stated that a certain man was the father of a child that respondent wished to adopt when she knew that the man was not the father. Respondent, it is noted, was aware that another individual known to her was in fact the child's father. Respondent was sentenced to a 60-day term of incarceration and three years of probation.

Petitioner moves for an order pursuant to Judiciary Law § 90 (4) (d) and (g) seeking a final order of appropriate discipline given respondent's conviction of a serious crime as defined by Judiciary Law § 90 (4) (d) (*see Matter of Van Riper*, 290 AD2d 572 [2002]; *Matter of Kuschner*, 200 AD2d 336 [1994]). Respondent has filed an affidavit in mitigation.

Respondent's actions constitute conduct that strikes at the core principles of the legal system. However, in mitigation, we note the circumstances under which the matter arose. Also, in determining an appropriate measure of discipline, we have taken into consideration the letters of support submitted by individuals familiar with respondent attesting to her good character and standing in the community, her family difficulties, as well as her lack of any prior disciplinary history.

Having considered the factors and circumstances presented,

we conclude that respondent should be suspended from practice for a period of four years, effective 20 days from the date of this decision. Any application for reinstatement shall comply with this Court's rules (*see* 22 NYCRR 806.12 [b]), and shall include the submission of a medical opinion that she possesses the capacity to resume the practice of law.

Cardona, P.J., Spain, Rose, Kane and Stein, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of four years, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).