Matter of Hamling (2022 NY Slip Op 03790)

Matter of Hamling

2022 NY Slip Op 03790

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

PM-108-22
[*1]In the Matter of Jerry Ray Hamling, an Attorney. (Attorney Registration No. 5381405.)

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York City (Hal R. Lieberman of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2015, having previously been admitted in Michigan in 1985. In June 2020, respondent pleaded guilty to a single count of falsifying business records in the second degree (Penal Law § 175.05), a class A misdemeanor, in satisfaction of a multicount indictment charging him with, among other things, directing Affinity Human Resources, LLC, the payroll processing company that he owned, to treat one of a construction company client's three constituent companies as a separate entity, rather than an alter-ego, thereby knowingly causing an omission in the construction company's payroll records.[FN1] Respondent was thereafter sentenced in accordance with the plea agreement to, among other things, the negotiated minimum sentence of a one-year conditional discharge.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent based upon his conviction in this state of a "serious crime" (Judiciary Law § 90 [4] [d]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). Respondent has submitted papers in response to the motion setting forth various factors in support of his request that no harsher sanction than a public censure be imposed. Upon respondent's request (see Judiciary Law § 90 [4] [h]; see also Rules of App Div, 3d Dept [22 NYCRR] § 806.12 [e]), the parties have also been heard at oral argument on the motion.
Initially, we note that respondent's conviction of falsifying business records in the second degree — which specifically includes the necessary element of "intent to defraud" (Penal Law § 175.05) — constitutes a serious crime within the meaning of Judiciary Law § 90 (4) (d), and warrants his censure, suspension or disbarment pursuant to Judiciary Law § 90 (4) (g). Notably, respondent does not dispute that his conviction qualifies as a serious crime. Accordingly, we grant that part of AGC's motion seeking to impose discipline upon respondent due to his conviction of a serious crime and conclude that this matter is now ripe for a final order of discipline (see Judiciary Law § 90 [4] [g]).
Turning to the appropriate sanction for respondent's conviction of a serious crime, we first note the mitigating circumstances presented by respondent and his counsel at oral argument, including the "absence of a prior disciplinary record" (ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]) and the lack of proof that his criminal conduct caused financial harm to any of the construction company client's employees. We further recognize the presence of several factors in aggravation, such as respondent's participation in illegal criminal conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [k]) despite his substantial experience in the law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]). Now, upon our review of the record [*2]before us, the parties' arguments and the totality of respondent's established misconduct, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), respondent should be suspended from the practice of law in this state for a period of one year (see Matter of Van Riper, 290 AD2d 572, 573 [2002]; see also Matter of Talcott, 184 AD3d 185, 187 [2020]; Matter of Vichinsky, 159 AD3d 84, 86 [2018]; Matter of Cancilla, 136 AD3d 92, 93 [2015]; Matter of Adler, 302 AD2d 78, 79 [2003]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Respondent entered his guilty plea at the same time that counsel for Affinity entered that company's guilty plea to the class E felony of penalties for fraudulent practices (see Workers' Compensation Law § 114 [3]) for, among other things, knowingly and intentionally submitting false statements which underreported the construction company's actual payroll with the intent of obtaining, among other things, workers' compensation insurance premiums at a rate less than would have been covered by the State Insurance Fund.